UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MATTHEW HIGHTOWER,**<br><br>Defendant. | **CRIMINAL NO.   SAG-23-0186** |

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

By and through their counsel, the parties respectfully submit this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act. In support of the motion, the parties state as follows:

1. On May 15, 2023, a federal grand jury for the District of Maryland returned a five count indictment charging the defendant with one count of conspiracy to murder a witness (retaliation), in violation of 18 U.S.C. §1513(f) (Count One), one count of witness retaliation murder, in violation of §1513(a)(1) (Count Two); one count of conspiracy to murder a witness (tampering), in violation of 18 U.S.C. §1512(k) (Count Three), one count of witness tampering murder, in violation of §1512(a)(1), and one count of murder for hire conspiracy, in violation of 18 U.S.C. §1958(a). *See* ECF 1. All counts carry a maximum penalty of life imprisonment or death.

2. The defendant, Matthew Hightower, was already in federal custody at the time the case was indicted serving a prison sentence for an extortion crime that resulted in death.

3. The defendant had an initial appearance on July 10, 2023. He was not eligible for release.

4.  The discovery in this case is voluminous and the government has requested that defense counsel provide hard drives so that discovery can be uploaded on a rolling basis.

5.  The Speedy Trial Act provides that a criminal defendant must be brought to trial within 70 days of either the filing of an indictment or the first appearance before a judicial officer, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). However, "[a]ny period of delay resulting from other proceedings concerning the defendant" is excluded in computing the 70-day period within which trial must commence. *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Ford*, 288 F. App'x 54, 58 (4th Cir. 2008) (unpub.) (interpreting the Speedy Trial Act's list of excludable proceedings to encompass "delays resulting from plea negotiations"). Furthermore, any delay resulting from the continuance of a trial date beyond the 70-day deadline is excludable, provided the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

6.  In this case, as a result of the complexity of this multi-count conspiracy case; and the substantial volume of discovery, both counsel for the defendant and the government need additional time to review discovery, draft pretrial motions, and prepare for trial, should a trial be necessary. Accordingly, the parties agree that holding a trial within 70 days would deny counsel for the defendants and the government the reasonable time necessary for effective preparation, and that the ends of justice served by granting a continuance will outweigh the best interests of the public and the defendants in a speedy trial.

7.  For these reasons, the parties ask that all time from July 10, 2023 through November 10, 2023, be excluded from the Speedy Trial computation pursuant to 18 U.S.C. § 3161(h)(1) and (h)(7). Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

8.  Government counsel conferred by email with counsel for the defendant, and they indicated their consent to the filing of a speedy trial motion.

                                          Respectfully submitted,
                                          Erek L. Barron
                                          United States Attorney

By:         /s/
                Kim Y. Hagan
                Aaron Zelinsky
                Assistant United States Attorneys
                36 South Charles Street
                Baltimore, Maryland 21201
                (410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2023, a copy of the foregoing status report was filed electronically with the Court using the CM/ECF system and served using the CM/ECF system via e-mail to all counsel of record.

                                          By:         /s/

                                                Kim Y. Hagan
                                              Assistant United States Attorney