IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. SAG 23-0186 |
| | * |
| MATTHEW HIGHTOWER, | * |
| | * |
| Defendant. | * |
| | **** |

## CONSENT MOTION FOR ENTRY OF A PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure[1], the United States and the Defendant jointly agree to the entry of a protective order that will allow for early discovery of information to the defense and ensure the confidentiality of information regarding, and provide privacy protections for, victims and witnesses.

The parties conferred regarding the draft protective order proposed by the United States and a copy is attached hereto.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Kim Y. Hagan
Aaron S.J. Zelinsky
Assistant United States Attorneys

---

[1] Rule 16 (d), Federal Rules of Criminal Procedure, provides: Regulating Discovery. (1) Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect *ex parte*. If relief is granted, the court must preserve the entire text of the party's statement under seal. (2) Failure to Comply. If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances.