UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW HIGHTOWER,<br><br>Defendant. | CRIMINAL NO.   SAG-23-0186 |

# ORDER

Upon consideration of the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act, the Court finds that, pursuant to 18 U.S.C. § 3161(h), the ends of justice will be served by continuing the trial date beyond the speedy trial date, and that the ends of justice served by such continuance outweigh the interests of the public and the defendant in a speedy trial.

Here, the Defendant was indicted on May 15, 2023, and an initial appearance was held on July 10, 2023.  A trial date has not yet been set.  The Defendant requested and received attorney inquiry hearings on October 2, 2023 and December 21, 2023, occasioning some delay while those hearings were scheduled and held, but ultimately has retained the same two attorneys.  The Defendant is presently serving a 380-month sentence in federal custody as a result of his 2016 conviction for separate federal charges relating to an extortion relating in death. *See United States v. Hightower,* Crim. No. 15-0322-LKG. The Bureau of Prisons Inmate Locator reflects his release date on that separate sentence as August 12, 2042. Any delay in this trial, therefore, will not impact the Defendant's incarcerated status.

The charges in this case involve murder, relating to the Defendant's alleged attempt to tamper with a witness in those prior criminal proceedings.  Discovery in this case necessarily

involves a thorough review of the investigation and prosecution of that prior case. The earlier case initially involved health care fraud charges, then added tax charges, then added the extortion and murder-related charges. Each set of charges involved additional grand jury investigation. The case proceeded through motions hearings and a jury trial. The Defendant's current attorneys had no involvement in that earlier case, either through trial or in any of the post-trial appellate or habeas proceedings that followed. A thorough review of that entire record in discovery, including procuring and reviewing the files of the multiple attorneys who represented the Defendant at various stages of the proceedings, will be required before appropriate pre-trial motions can be filed in this case. Additionally, other defendants allegedly involved in the murder and witness tampering charged in the instant case proceeded to trial in an entirely separate proceeding. The Defendant's attorneys will need to familiarize themselves with the entirety of the record in that proceeding as well.

The volume and complexity of the discovery in this case would not permit this case to be tried within the speedy trial period and warrant an extended discovery period to protect the Defendant's constitutional rights and the ends of justice. While the Defendant requests a speedy trial, this Court has an independent obligation to afford defense counsel sufficient time for a thorough review of all of the relevant materials so that they can file appropriate pre-trial motions with effective preparation. Particularly in light of the lengthy sentence Defendant is already serving for another conviction, the ends of justice served by this delay outweigh the interests of the Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3167(h)(7). This Court is setting a schedule for motions briefing and a motions hearing by separate order. It is hereby ORDERED that the Government's motion to exclude time for the speedy trial calculation, ECF 27, is GRANTED and all time between February 9, 2024 and September 30, 2024 (the next business day following the motions hearing to be held on September 27, 2024) shall

be excluded from the computation of time within which trial must commence in this matter pursuant to 18 U.S.C. § 3162(h)(7) of the Speedy Trial Act.

<u>February 15, 2024</u>　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　The Honorable Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　United States District Judge