**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.    SAG-23-0186** |
| **MATTHEW HIGHTOWER,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

By and through their counsel, the parties respectfully submit this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act.  In support of the motion, the parties state as follows:

1.      On May 15, 2023, a federal grand jury for the District of Maryland returned a five count indictment charging the Defendant with one count of conspiracy to murder a witness (retaliation), in violation of 18 U.S.C. §1513(f) (Count One), one count of witness retaliation murder, in violation of §1513(a)(1) (Count Two); one count of conspiracy to murder a witness (tampering), in violation of 18 U.S.C. §1512(k) (Count Three), one count of witness tampering murder, in violation of §1512(a)(1), and one count of murder for hire conspiracy, in violation of 18 U.S.C. §1958(a). *See* ECF 1.  All counts carry a maximum penalty of life imprisonment or death.

2.      The Defendant, Matthew Hightower, was already in federal custody at the time the case was indicted serving a prison sentence for an extortion crime that resulted in death.

3.      The Defendant had an initial appearance on July 10, 2023.  He was not eligible for release.

4.      On July 28, 2023, the government filed a Consent Motion to Exclude Time Pursuant to the Speedy Trial Act from July 10, 2023 through November 10, 2023. (ECF 10).  The Court granted the Motion on that same date.  (ECF 11).

5.      On November 9, 2023, the government filed a Consent Motion to Exclude Time Pursuant to the Speedy Trial Act from November 10, 2023 through February 9, 2024.  (ECF 21). On November 10, 2023, the Court granted the Motion on November 10, 2023.  (ECF 22).

6.      Attorney inquiry hearings were held on October 2, 2023 and December 21, 2023 at the request of the defendant.  His original attorneys of record remained in the case.

7.      On February 15, 2024, the Court issued a briefing schedule and set a motions hearing date for September 27, 2024. (ECF 28).   On that same date, the Court granted the Government's Motion to Exclude Time Pursuant to the Speedy Trial Act and directed that all time between February 9, 2024 and September 30, 2024 be excluded from the computation of time within which trial must commence.  (ECF 29).

8.      At the request of the Defendant, an attorney inquiry hearing and *Farretta* hearing were held on June 21, 2024.  The Defendant's request to represent himself was granted and the Court discharged counsel of record but directed that they remain as standby counsel in this matter. (ECF 35).

9.      On August 23, 2024, the Court held a status conference at which time the parties agreed that standby counsel will continue to review discovery materials with the Defendant. Additionally, the Court cancelled the motions hearing scheduled for September 27, 2024 and issued a new scheduling order, setting a motions hearing on April 3, 2025 and trial on June 16, 2025.

10.     The Speedy Trial Act provides that a criminal defendant must be brought to trial within 70 days of either the filing of an indictment or the first appearance before a judicial officer,

2

whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). However, "[a]ny period of delay resulting from other proceedings concerning the defendant" is excluded in computing the 70-day period within which trial must commence. *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Ford*, 288 F. App'x 54, 58 (4th Cir. 2008) (unpub.) (interpreting the Speedy Trial Act's list of excludable proceedings to encompass "delays resulting from plea negotiations"). Furthermore, any delay resulting from the continuance of a trial date beyond the 70-day deadline is excludable, provided the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

11.     For the reasons outlined above, the government submits that the ends of Justice served by such a delay outweighs the interests of the Defendant and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7). The Defendant will not be prejudiced by the grant of this motion.

12.     For these reasons, the government asks that all time from September 30, 2024 through June 16, 2025, be excluded from the Speedy Trial computation pursuant to 18 U.S.C. § 3161(h)(1) and (h)(7). Nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

Respectfully submitted,
Erek L. Barron
United States Attorney

By:     _____/s/_____

Kim Y. Hagan
Aaron S.J. Zelinsky
Assistant United States Attorneys
36 South Charles Street
Baltimore, Maryland 21201
(410) 209-4800

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2024, a copy of the foregoing status report was

filed electronically with the Court using the CM/ECF system and served using the CM/ECF system

via e-mail to all counsel of record and mailed via first class mail to:


Matthew Hightower  40293-037
Chesapeake Detention Facility
401 E. Madison St, Baltimore, MD 21202




By:_____/s/_____

        Kim Y. Hagan
        Assistant United States Attorney