IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO.: SAG 23-186 |
| MATTHEW HIGHTOWER, | * | |
| Defendant. | | |

\* \* \*

**MOTION TO SUPPRESS EVIDENCE DERIVED
FROM WARRANTLESS SEARCH OF JAIL CELL**

Comes now Matthew Hightower, by and through undersigned counsel, requests this Honorable Court suppress evidence derived from the warrantless search of his jail cell at Chesapeake Detention Facility and the seizure of a list of names. In support of this motion Mr. Hightower states:

A. **BACKGROUND**

Mr. Hightower is charged with Conspiracy to Murder a Witness, in violation of 18 U.S.C. § 1513(f) and (a)(1)(B), and Witness Retaliation Murder, in violation of 18 U.S.C. § 1513 (a)(1)(B) and 18 U.S.C. § 2. Trial is scheduled for June 16, 2024. On May 4, 2016, Mr. Hightower was detained pre-trial at Chesapeake Detention Facility ("CDF") to await trial on health care fraud and extortion charges. On May 27, 2017, L.A. was murdered and police began investigating this as a possible mistaken identity witness intimidation/murder that they believed may have been intended for L.E., a possible witness in the pending health care fraud case. On this same day, Special Agent Erin Fuchs, the lead investigator in the pending charges, "directed the correctional officials at CDF to search Mr. Hightower's cell." *Exhibit 1, page 7.* Officials seized a document containing names and telephone numbers of individuals, including Davon Carter, a co-conspirator in the murder of L.A.

1

B.  **ARGUMENT**

It is anticipated that there will not be a dispute that Special Agent Fuchs directed this search for the purpose of gathering any evidence that could be used against Mr. Hightower relating to either the pending charges or the murder investigation. Law enforcement did not apply for a search warrant to search the cell. Mr. Hightower moves to suppress the evidence derived from this warrantless search.

In *Hudson v. Palmer*, 468 U.S. 517, 517, 528-530 (1984), the Supreme Court found an inmate has no privacy interest in a prison cell such that he or she affords the protections of the 4th Amendment's prohibition against unreasonable searches. In so finding, the Court balanced the interest of the institution in securing a facility by conducting random unannounced cell searches against that of an inmate's privacy in a cell. The Court explained:

> Determining whether an expectation of privacy is "legitimate" or "reasonable" necessarily entails a balancing of interests. The two interests here are the interest of society in the security of its penal institutions and the interest of the prisoner in privacy within his cell. The latter interest, of course, is already limited by the exigencies of the circumstances: A prison "shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room." *Lanza* v. *New York,* 370 U. S. 139, 143-144 (1962). We strike the balance in favor of institutional security, which we have noted is "central to all other corrections goals," *Pell* v. *Procunier,* 417 U. S., at 823. A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order.[8] We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that "[l]oss of freedom of choice and privacy are inherent incidents of confinement." *Bell* v. *Wolfish,* 441 U. S., at 537.

*Id. at 528.* The Fourth Circuit has relied upon *Hudson* in holding that the inmate does not have a reasonable expectation of privacy in a prison cell. *U.S. v. Jeffus,* 22 F.3 554, 559 (4th Cir. 1994), citing *Jones v. Murray*, 962 F.2d 302 (4th Cir. 1992). The facts in *Jones v. Murray* also involved security in the penal institution and the need for law enforcement to collect DNA samples for a

2

data base.  In *U.S. v. Jeffus,* law enforcement obtained a search warrant. Since there was no reasonable expectation of privacy, the validity of the warrant was not able to be challenged.  The Court declined to disturb the lower court's ruling and consider that there was no security issue in the institution that was motivating the search of the cell.

In contrast to the above cases, the Second Circuit has found that a pretrial detainee does enjoy the 4th Amendment protections from unreasonable searches instigated by a prosecutor to search for evidence.  *U.S. v. Cohen*, 796 F.2d 20 (2nd Cir. 1986).  Thus, the Court found:

> In this case it is plain that no institutional need is being served. Were it a prison official that initiated the search of Barr's cell, established decisional law holds that the search would not be subject to constitutional challenge, regardless of whether security needs could justify it. But here the search was initiated by the prosecution solely to obtain information for a superseding indictment. In our view, this kind of warrantless search of a prisoner's cell falls well outside the rationale of the decided cases. Barr retains a Fourth Amendment right — though much diminished in scope — tangible enough to mount the attack on this warrantless search.
>
> We hold therefore that Barr retains an expectation of privacy within his cell sufficient to challenge the investigatory search ordered by the prosecutor. Because his effects were searched at the instigation of non-prison officials for non-institutional security related reasons, the validity of the search may be challenged. An individual's mere presence in a prison cell does not totally strip away every garment cloaking his Fourth Amendment rights, even though the covering that remains is but a small remnant.

*Id. at 24.*  In carving out this exception of protection from a search conducted by a non-prison official for non-institutional security, the Second Circuit examined the case law prior to *Hudson v. Palmer* and noted that in each opinion, there was a security interest by the institution that outweighs an inmate's privacy.  Here, Mr. Hightower's cell was searched on the very day he was a prime suspect in a witness murder investigation.  The search was initiated by the lead investigator on the pending charges against Mr. Hightower.  Special Agent Fuchs was working closely with the Assistant United States Attorneys who had taken over the investigations of Mr. Hightower from the State of Maryland.  Indeed, Special Agent Fuchs is the lead investigator in

the current indictment involving the witness murder. She could only have been looking to bolster the prosecution. Again, the Second Circuit in *Cohen* and later in *Willis v. Artuz* found that the Supreme Court in *Hudson* did not contemplate a cell search intended solely to bolster the prosecution's case against a pretrial detainee. *Cohen,* at 23; *Willis v. Artuz*, 301 F. 3d 65, 68 (2nd Cir. 2002) (finding that one convicted and serving time, rather than a pretrial detainee, does not have a reasonable expectation of privacy.)

The Eighth Circuit has noted that this exception exists but did not find it applicable because the search was initiated by jail officials for security reasons. *U.S. v. Hogan*, 539 F. 3d 916, 923-24 (8th Cir. 2008). Prior to *Hudson,* the Seventh Circuit held that a prisoner enjoys protection of the 4th Amendment against unreasonable searches, "at least to some minimal extent." *Bonner v. Coughlin*, 517 F. 2d 1311, 1317 (7th Cir. 1975). As these Courts have found, this Court should consider the warrantless search of Mr. Hightower's cell as an end run around the warrant requirement. Mr. Hightower, as a pretrial detainee, should be free from unfettered searches by those that are prosecuting him. The 4th Amendment protection here is especially important given the nature of the charges that were pending and the witness murder investigation. The Exclusionary Rule was designed to reign in such violations of the 4th Amendment. Accordingly, the documents derived from this cell search should be suppressed.

WHEREFORE, Mr. Hightower respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the searches and seizures from his jail cell.

Respectfully submitted,


-s-

_____

Teresa Whalen
Law Office of Teresa Whalen
801 Wayne Ave., Ste. 205
Silver Spring, MD 20910
301-728-2905


_____-s-_____
Daniel H. Goldman
421 King Street, Suite 505
Alexandria, VA 22314
(202) 251-5063 [cell]

5