UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW HIGHTOWER,<br><br>Defendant. | CASE NO:  SAG-23-00186 |

**GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT**

The United States of America submits this response in opposition to Defendant's Motion to Dismiss Indictment based on an alleged conflict of interest (ECF No. 68) For the reasons that follow, the motions should be denied.

**I.      POSTURE OF THE CASE**

Matthew Hightower is charged in a five count indictment for his role in the murder of Latrina Ashburne on May 27, 2016.  A motions hearing is scheduled on April 3, 2025.  Trial is scheduled to begin on June 16, 2025.  On January 23, 2025, Hightower filed a Motion to Dismiss Indictment (ECF No. 68) alleging a conflict of interest based on defense counsel's belief that now former United States Attorney for the District of Maryland participated in the capital case review[1] and indictment process against Hightower.  Mr. Barron, although not formally recused from the matter, was appropriately and completely shielded from all aspects of this case.  Contrary to Hightower's assertions, he is not being prosecuted by prosecutors with improper conflicting interests.  The Motion to Dismiss Indictment based on a conflict of interest should be denied.

---

[1] Hightower is charged with offenses that carry a maximum penalty that include death.  Consistent with Department of Justice (DOJ) policy, the Capital Case Section reviewed the case in order to determine whether the death penalty should be sought.  Department of Justice Manual § 9-10.040.

2

## II.  PROCEDURAL TIMELINE[2]

The following timeline is instructive:

- On June 3, 2015, a federal grand jury indicted Hightower and two co-defendants, Harry Crawford and Elma Myles, in criminal case MJG-15-322, charging them with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, and Aggravated Identity Theft in violation of 18 U.S.C. § 1028(A). The case was assigned to the Honorable Marvin J. Garbis and the government was represented by Assistant U.S. Attorneys Sandra Wilkinson and Aaron Zelinsky.

- On July 1, 2015, Richard Bardos entered his appearance on behalf of Hightower in case MJG-15-322.

- On February 23, 2016, a federal grand jury returned a superseding indictment in case MJG-15-322 adding additional fraud charges.

- On April 19, 2016 – a federal grand jury issued a second superseding indictment in case MJG-15-322 charging Hightower and Crawford with Collection of Extension of Credit by Extortion in violation of 18 U.S.C. § 894(a), and Use of Interstate Facilities for Extortion Resulting in the Death of David Wutoh in violation of 18 U.S.C. § 1952(a)(2)(B). One of main witnesses against Hightower in both the healthcare fraud charges and the exortion murder charges was was L.E.

- On May 27, 2016, Latrina Ashburne, next door neighbor of L.E., was shot and killed in front of her residence as she left for work that morning. Investigators believed that Ms. Ashburne was misidentified as L.E. because both women drove similar vehicles and shared similar physical traits.

- On June 15, 2016, the court granted Hightower's request to sever the extortion related charges against him from the health care fraud charges. MJG-15-322, ECF No. 140.

- August 15, 2016, Assistant U.S. Attorney Judson Mihok entered his appearance on behalf of the government. Mr. Mihok and Mr. Zelinsky intended to represent the government in the extortion trial against Hightower, which was scheduled to begin on September 12, 2016. Ms. Wilkinson and Mr. Zelinsky would represent the government in the health care fraud trial which was to begin immediately after.

- On September 9, 2016, Hightower filed a letter with the court requesting that his trial counsel, Mr. Bardos, be removed from the case. Judge Garbis denied the request. MJG-15-322, ECF No. 260.

---

[2] The government adopts the facts and procedural history from its responses to the Motions to Suppress (ECF No. 75), the Motion to Dismiss Indictment for alleged speedy trial violation, (ECF No.77) and the Motion to Amend Protective Order (ECF No. 78).

3

- On September 22, 2016, a jury of his peers convicted Hightower of two counts of extortion related charges resulting in the death of David Wutoh.

- On November 30, 2016, Judge Garbis sentenced Hightower to a total term of imprisonment of 380 months followed by 5 years of supervised release. MJG-15-322, ECF No. 358. A timely notice of appeal followed.

- **On December 29, 2016, Erek Barron was appointed to represent Hightower during the appeal of his conviction and judgment in the extortion case. MJG-15-322 ECF, No. 375.**

- On or about January 3, 2017, Hightower requested that he be appointed new counsel for his health care fraud trial, someone other than Mr. Bardos. MJG-15-322, ECF No. 376. Gary Proctor was appointed on February 6, 2017. MJG-15-322, ECF No. 398. Mr. Bardos was terminated as Hightower's counsel the following day. Mr. Proctor then proceeded to file status reports and motions with the court on Mr. Hightower's behalf regarding the remaining pending health care fraud charges. Then on July 25, 2017, Hightower filed a letter with the court complaining about Mr. Proctor's representation of him. MJG-15-322, ECF No. 491. In response, Mr. Proctor continued to ask the court for additional time and requested that a trial date not be scheduled. MJG-15-322, ECF No. 500.

- On December 19, 2017, a federal grand jury issued an indictment against Davon Carter, charging him with conspiracy to murder a witness in violation of 18 U.S.C. § 1513(f) and 18 U.S.C. § 1512(k), witness retaliation murder in violation of 18 U.S.C. 1513(a)(1)(B), witness tampering murder in violation of 18 U.S.C. 1512(a)(1)(A), and controlled substance violations. GLH-17-667. Hightower was not charged in that indictment.

- On December 21, 2017, Judge Garbis issued a scheduling order setting trial for the health care fraud charges for May 14, 2018. MJG-15-322 ECF No. 506.

- On January 16, 2018, Judge Garbis conducted an attorney inquiry hearing presumably at Hightower's request. MJG-15-322, ECF No. 511.

- On March 12, 2018, the Fourth Circuit affirmed Hightower's judgment and conviction on the extortion charges. Erek Barron withdrew from the case immediately following the Fourth Circuit's judgment. MJG-15-322, ECF No. 521.

- On April 24, 2018, Judge Garbis granted Hightower and Proctor's request to discharge Proctor as attorney of record in the case. MJG-15-322, ECF No. 527. Hightower then proceeded to file motions *pro se*.

- On June 27, 2018, Hightower's case was reassigned from Judge Garbis to the Honorable George J. Hazel.

4

- On August 20, 2018, upon motion by the government filed by Assistant U.S. Attorneys Wilkinson and Mihok, the court dismissed the remaining health care fraud counts on Hightower's indictment. GJH-15-322, ECF No. 542.

- On March 5, 2019, a superseding indictment was issued in GJH-17-667 adding Clifton Mosley as a co-defendant for the murder of Latrina Ashburne.

- On June 10, 2019, Hightower filed a *pro se* Motion to Vacate under 28 USC § 2255 alleging ineffective assistance of his trial counsel Richard Bardos. GJH-15-322, ECF No. 547.

- In January of 2020, Davon Carter and Clifton Mosley were tried by a jury and convicted for their role in the murder of Latrina Ashburne in case GJH-17-667. Judge Hazel sentenced both men to life imprisonment. Assistant U.S. Attorneys Sandy Wilkinson and Kim Y. Hagan represented the government at trial.

- On December 21, 2020, Hightower filed a pro se motion for compassionate release. GJH-15-322, ECF No. 572. That motion was denied on February 2, 2021. GJH-15-322, ECF No. 580. Hightower docketed a notice of appeal as to the Motion for Compassionate Release. GJH-15-322, ECF No 584.

- October 21, 2021 – Erek Barron was sworn-in as U.S. Attorney for the District of Maryland.

- On November 18, 2021, the Fourth Circuit affirmed the district court denial of Hightower's compassionate release motion. GJH-15-322, ECF No. 610.

- On April 20, 2022, a new case was authorized within the U.S. Attorney's Office (USAO) for Hightower's involvement in the murder of Latrina Ashburne. Government Exhibit 1 (Case Authorization Form Redacted).

- On September 12, 2022, the Honorable George J. Hazel denied Hightower's petition under 18 U.S.C. § 2255. ECF No. 628. Hightower appealed that decision and his appeal was subsequently dismissed. GJH-15-322, ECF No. 652.

- On October 24, 2022, Assistant U.S. Attorney Kim Y. Oldham[3] requested to schedule an indictment and death penalty review in the USAO for Hightower in anticipation of seeking an indictment against him for his role in the murder of Latrina Ashburne. Government Exhibit 2 (10.24.2022 Email from Oldham).

- On December 7, 2022, a death penalty review committee consisting of senior prosecutors in the USAO conferred on a "no seek" request memorandum submitted by Assistant U.S Attorneys Oldham and Zelinsky. Mr. Barron was not a member

---

[3] Current government counsel, Kim Y. Hagan, was formerly Kim Y. Oldham.

5

of the committee. Government Exhibit 3. (December 30, 2022 Email from Medinger.)

- On December 30, 2022, Assistant U.S. Attorney Jason Medinger forwarded a draft memorandum to then First Assistant U.S. Attorney (FAUSA) Philip A. Selden and U.S. Attorney Barron. *Id*.

- On December 30, Mr. Barron responded, adding to the recipient list Assistant U.S. Attorney John Sippel who also served as an Ethics Advisor for the USAO. In his reply, Mr. Barron advised that he believed Hightower was the same individual that he represented on an appeal in a criminal case out of this district. *Id*. Assistant U.S. Attorney Medinger immediately replied that he was previously unaware of the conflict and that the matter "will go to Phil." *Id*. Assistant U.S. Attorney and Criminal Chief Medinger then notified Assistant U.S. Attorney Oldham of the conflict. Government Exhibit 4 (December 28, 2022 Email from Medinger), Government Exhibit 5 (January 2, 2023 Email from Medinger).

- On January 2, 2023, FAUSA Selden approved the "no seek" recommendation and requested that the draft memorandum to the Capital Case Section reflect his name rather than Mr. Barron's "[s]ince Erek is recused…" Government Exhibit 6. (January 2, 2023 Email from FAUSA Selden).

- On January 3, 2023, the memorandum was sent via email to the Capital Case Section of DOJ. Government Exhibit 7.

- On February 10, 2023, Assistant U.S. Attorney Zelinsky replied to an email from an intern at the Capital Case Section and confirmed that Mr. Barron was recused from the matter and should not be included in correspondence. Government Exhibit 8. Later that same date, Richard E. Burns, Chief of the Capital Case Section emailed FAUSA Philip Selden and advised that DOJ was not seeking the death penalty against Hightower. Government Exhibit 9.

- On May 18, 2023, an indictment was returned against Hightower in this case now before the Court, charging him with Conspiracy to Murder a Witness (18 U.S.C. § 1315(f)) and other charges related to the murder of L.A. Mr. Barron's name inadvertently remained on the indictment despite the fact that he was internally walled-off from the case. At the time of indictment, Assistant U.S. Attorney Zelinsky placed his initials next to Mr. Barron's name. ECF No. 1.

- On May 19, 2023, FAUSA Selden issued a press release announcing the indictment against Hightower. Government Exhibit 10.

- On January 23, 2025, Hightower filed the instant Defendant's Motion to Dismiss Indictment alleging a conflict of interest based on what Hightower assumes was Mr. Barron's involvement in the current case. Additionally, Hightower suggests office-wide recusal.

- On February 12, 2025, Mr. Barron resigned from his position as U.S. Attorney for the District of Maryland.

## III. ARGUMENT

### A. FORMER U.S. ATTORNEY EREK BARRON WAS PROPERY SHIELDED FROM THE CASE

Hightower alleges that Mr. Barron was "intricately involved" in "at least a supervisory prosecutor in this case since October of 2021." ECF No. 68 at 4. Hightower is wrong. At the time that Mr. Barron was sworn in as the U.S. Attorney for the District of Maryland, there was no active case authorization for Higthtower as it pertained to the murder of Latrina Ashburne. The authorization for this case did not occur until April 20, 2022. Government Exhibit 1. When Mr. Barron received the draft "no seek" memorandum in December 2022, he recognized the named defendant and notified Criminal Chief Jason Medinger and the ethics officer for the USAO. Government Exhibit 3. From that point forward, although not formally recused, Mr. Barron was fully walled off from the Hightower matter. He did not participate in the death penalty review committee for this case nor did he submit or receive any materials to the Capital Case Section of DOJ as evidenced by the government's exhibits. Contrary to Hightower's assertions, Mr. Barron was not involved in this Hightower investigation, and was also not involved in deciding what charges to pursue or what penalty to seek for Hightower. The internal emails within the USAO and the "no seek" communications with the Capital Case Section corroborate and confirm that Mr. Barron played no role in the process whatsoever. Even the press release announcing the indictment, typically issued by the U.S. Attorney for the district, in this instance came from FAUSA Selden who was designated as the Acting U.S. Attorney in Hightower's case. Government Exhibit 10. The evidence is irrefutable that Mr. Barron was for all intents and purposes, recused from the matter.

7

Hightower states that Mr. Barron had access to Mr. Proctor's Dropbox account from when they both represented Hightower, and without support, further states that "upon information and belief, the account records indicate that Mr. Barron last accessed the account on December 29, 2022." Hightower seems to suggest that his prosecutors, through the assistance of Mr. Barron, gained information or insight by having access to privileged materials contained in the Dropbox files. Assuming that Mr. Barron did access the Dropbox account on December 29, 2022, of which the defense has not offered proof, no information was shared with the prosecutors and Mr. Barron continued to have no role or involvement in this case beyond December 29, 2022. In other words, Mr. Barron's alleged access to the account had no impact on the charging decisions in Hightower's case. Mr. Barron reached out to his criminal chief and ethics advisor the very next day and advised them of the conflict.

Hightower argues that Mr. Barron should have recused himself upon learning that Hightower was being investigated for the murder of L.A. Def. Mot. at 8. That is exactly what Mr. Barron did. The USAO and Mr. Barron acted appropriately by walling him off from the case as if he were formally recused[4] by not including him in investigative or charging decisions and by ensuring that he was not included in the no-seek review.

Hightower cites Rule 1.10 of the American Bar Association Model Rules of Professional Conduct which governs conflicts of interest and the client-lawyer relationsip. Def. Mot. at 8. Rule 1.11 however, is controlling as it governs special conflicts of interests for former and current government officers and employees. Rule 1.11(d) provides as follows:

> (d) Except as law may otherwise expressly permit, a lawyer currently serving as a public

---

[4] Although the USAO did not seek a formal recusal for Mr. Barron at the time, since the filing of Hightower's motion, the Office of the General Counsel agreed with the government's handling of the matter and authorized recusal of Mr. Barron only.

officer or employee:

(1) is subject to Rules 1.7 and 1.9; and

(2) shall not:

> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed consent, confirmed in writing…

As explained above, Mr. Barron did not "participate" in this matter in any way. At the heart of Hightower's Motion to Dismiss is an incorrect assumption that Mr. Barron participated in the investigation and indictment process. Hightower cannot establish this fact because it is simply not true.

### B.  THERE IS NO BASIS FOR AN OFFICE WIDE RECUSAL

Hightower goes so far as to argue that the entire U.S. Attorney's Office for the District of Maryland should be recused from prosecuting his case but cites no supporting authority directly on point. Def. Mot. at 8, 9. A number of courts have held the opposite – that disqualifying an entire U.S. Attorey's Office simply because one of its attorneys has a conflict of interest is unnecessary and impractical. In *United States v. Shah,* the court held that disqualification of the entire U.S. Attorney's Office not warranted when defendant's former counsel joined USAO as supervisor. 43 F.4th 356, 363 (3rd Cir. 2022). The court recognized that disqualifying an entire prosecutor's office "would imposed substantial cost on taxpayers because it would trigger the need to appoint special prosecutors eah tie a member of the defense bar switched sides." *Id*. Similarly, in *United States v. Farrell*, the court noted that "if the disqualification of one government attorney could serve as the predicate for the disqualification of an entire United States Attorney's Office, the administration of justice would be irreparably harmed." 115 F.Supp. 3d 746, 764 (S.D.W.V. 2015). *See also, United States v. Goot*, 894 F.2d 231 (7th Cir. 1990)(recusal by new U.S. Attorney

9

from case in which he had prior involvement and the absence of discussions as a screening mechanism was sufficient and entire U.S. Attorney's Office need not be disqualified); *United States v. Caggiano*, 660 F.2d 184, 190 (6th Cir. 1981)(recognizing the difference between lawyers in a private firm and government lawyers in a department or division); *United States v. Hubbard*, 493 F. Supp. 206, 208 (D.D.C. 1979)(If any member of a law firm has an interest in the outcome of a case, the entire firm is disqualified. The same is not true for a U.S. Attorney's Office- the disqualifying interest of one attorney cannot preclude the entire USAO from handling the prosecution).

Mr. Barron was successfully shielded from discussions about the Hightower case. There is simply no basis to justify disqualifying the entire USAO for the District of Maryland.

### C. THERE WAS NO PREJUDICE TO HIGHTOWER AND NO BASIS TO DISMISS THE INDICTMENT

There was no prejudice to Hightower because Mr. Barron and the USAO acted appropriately. There was no advantage gained by the government as a result of Mr. Barron's prior representation, no information gained by the assigned prosecutors from Mr. Barron about Hightower. Government counsel was not privy to confidential documents, legal strategy or any knowledge that Mr. Barron gained during his representation of Hightower. *See*, *In Re Grand Jury*, 790 F. Supp. 109 (1992)(U.S. Attorney did all things necessary to insure that entire USAO need not be disqualified by erecting a wall between himself and the investigation); *United States v. Newman*, 534 F. Supp. 1113 (S.D.N.Y. 1982)(court declines to disqualify the entire USAO where the U.S. Attorney imparted nothing of a confidential nature about the defendant to his assistants and even if there was an impropriety, dismissal of indictment is not the remedy).

Hightower speculates that he "may well have been prejudiced had he needed to present mitigation when the death penalty was a possible sentence." Def. Mot. at 11. His argument is

10

moot because the USAO never sought the death penalty in this case.

### D. BARRON'S NAME ON THE INDICTMENT WAS INADVERTENT AND HARMLESS

Federal Rule of Criminal Procedure 7 requires that an indictment be signed "by an attorney for the government." Fed. R. Crim. P. 7. In this case, that attorney was former Assistant U.S. Attorney Aaron Zelinsky who placed his initials next to Mr. Barron's name. Leaving Mr. Barron's name on the indictment was an unintentional and inadvertent error. But it is not a fact that outweighs the overwhelming proof that Mr. Barron was shielded from this prosecution and played no role in the charging process. Moreover, the signature of the prosecuting attorney is not part of the indictment and is necessary only as evidence of the authenticity of the document. *Wheatley v. United States*, 159 F.2d 599, 600 (4th Cir. 1946); *Wiltsey v. United States*, 222 F.2d 600, 601 (4th Cir. 1955).

### CONCLUSION

Although a formal recusal was not in place, Mr. Barron effectively recused himself from the Hightower case. He had no role in the investigation and indictment process, nor did he participate in the internal decision to not seek the death penalty. As such, Hightower was not prejudiced in any way and dismissal of the indictment is not warranted. For all of the foregoing reasons, the United States respectfully requests that this Court deny the Motion to Dismiss Indictment.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Kim Y. Hagan
Paul E. Budlow
Assistant United States Attorneys

11