**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.  SAG-23-0186** |
| **MATTHEW HIGHTOWER,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION *IN LIMINE***
**TO ADMIT BUSINESS RECORDS PURSUANT TO FED.  EVID. 803(6) & 902(11)**

The United States intents to introduce a number of records as self-authenticating and/or certified domestic records of regularly conducted activities in a number of categories, pursuant to Federal Rules of Evidence 803(6) and 902(11).  Specifically, the government plans to introduce records from the following business:

1. AT&T (Call detail reports, subscriber records, location data);

2. Verizon (Call detail reports, subscriber records, location data);

3. T-Mobile (Call detail reports, subscriber records, location data);

4. Yahoo Inc. (subscriber records, contacts, email);

5. Priceline (reservation confirmation)

6. Greenspring Physical Therapy and Associates;

7. MECU (bank records of Deanna Lawson);

8. SECU (bank records of Davon Carter);

9. Best Western Records;

10. Johns Hopkins University (employment records)

11. Chesapeake Detention Facility (housing records);

1

12. Captain's Quarters Resort (records for Andre Farrell);

13. Attorney Time Reports;

14. Taylor Farms (employee records for Davon Carter)

15. Baltimore Police Department (911 call)

The documents are referred collectively as the "Business Records." As the government prepares its exhibit list for trial, it anticipates that it may seek the admission of similar additional records. As the government identifies such records, it will alert counsel.

The Business Records were provided to defense counsel on a rolling basis from August 2023 to present. The government has provided and continues to provide certification to defense counsel for their review and has asked counsel to note any objections.

Once any objections are noted, the government will move for an advance ruling on the admission of this evidence and will respectfully request that the Court rule on this motion in advance of trial, so that custodians of records may be secured if necessary. In the meantime, the government submits this motion in limine in advance to make the Court aware of the issue.

## ARGUMENT

The Business Records are excepted from the rule against hearsay because they are records of regularly conducted activity that meet the requirements of Rule 803(6). The Business Records are also accompanied by certifications that meet the requirements of Rule 902(11) and are, therefore, self-authenticating. Lastly, the Business Records were not created to prove a fact at trial, and therefore the Confrontation Clause of the Sixth Amendment does not apply to them.

**A. The Business Records Are Excluded from the Rule Against Hearsay Because They Are Records of a Regularly Conducted Activity Under Fed. R. Evid. 803(6)**

Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay for a "record of an act, event, condition, opinion, or diagnosis" if the record "was made at or near the time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . .; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." The Fourth Circuit has explained that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy for two reasons." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir. 2000). First, "'businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful.'" *Id.* (quoting *United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir. 1993)). Second, "'routine and habitual patterns of creation lend reliability to business records.'" *Sinkovich*, 232 F.3d at 205 (quoting *Blackburn*, 992 F.2d at 670).

Here, the Business Records meet all the criteria set forth in Federal Rule of Evidence 803(6). Each record was made contemporaneously by a person with knowledge and was made and kept in the ordinary course of business. The certifications will attest to just that. They are precisely the type of records that are generally presumed to be reliable and trustworthy and are routinely admitted under Rules 803(6) and 902(11). *See, e.g.*, *United States v. Thomas*, 128 Fed.

Appx. 986, 992 (4th Cir. 2005) (holding that Enterprise rental records of money transfers were admissible as self-authenticating business records because they complied with Rules 803(6) and 902(11)); *United States v. Jones*, 622 Fed. Appx. 204, 206–07 (4th Cir. 2015) (recordings of inmate jail calls); *United States v. Santana*, 352 Fed. Appx. 867, 871 (4th Cir. 2009) (IRS records of money transfers); *United States v. Wein*, 521 Fed. Appx. 138, 140 (4th Cir. 2013) (credit card account records); *United States v. Gadsden*, 2013WL3356133, *3 (D. Md. 2013) (AT&T and Sprint phone records); *Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 515–21 (D. Md. 2012) (physician's report on the examination of a patient); *United States v. Smith*, 521 F.3d 957, 624–64 (D.C. Cir. 1975) (police radio transmissions); *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 338 (S.D.N.Y. 2003) (police radio logs and transmission transcripts); *Keogh v. C.I.R.*, 713 F.2d 496, 499 (9th Cir. 1983) (records of casino employee's wages and tips). They are therefore excepted from the rule against hearsay.

## B. The Business Records are Self-Authenticating Under Fed. R. Evid. 902(11).

Federal Rule of Evidence 902(11) allows for the self-authentication of a domestic record of regularly conducted activity that meets the requirements of Federal Rule of Evidence 803(6) and bears "a certification of the custodian or another qualified individual that complies with a federal statute." As discussed above, the Business Records are accompanied by certifications by the relevant custodians of records attesting that they are contemporaneous records of the relevant business or governmental entity and were made and kept in the ordinary course of business. They are therefore self-authenticating. *See, e.g.*, *Thomas*, 128 Fed. App'x at 992; *Jones*, 622 Fed. App'x at 206–07; *Santana*, 352 Fed. App'x at 871; *Gadsden*, 2013 WL 3356133, at *3; *Doali-Miller*, 855 F. Supp. 2d at 518–21; *Smith*, 521 F.3d at 624–64.

**C. The Business Records Are Non-Testimonial, and Therefore the Confrontation Clause Does Not Apply.**

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Statements are testimonial "when the circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The Business Records were not created for the purpose of establishing or proving some fact at trial, but rather are the records of regularly conducted business or government activity, as noted in the attestations. Thus, the records are non-testimonial and are not subject to the Confrontation Clause of the Sixth Amendment. *See Bullcoming v. New Mexico*, 564 U.S. 647 (2011) (holding that documents "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial" were "not testimonial"); *United States v. Cabrera-Baltran*, 660 F.3d 742 (4th Cir. 2011) (holding that information contained in Treasury Enforcement Communications System records was not created for trial, but rather was kept for the purpose of maintaining a record of what was coming into the United States, and therefore was not testimonial); *United States v. Keita*, 742 F.3d 184 (4th Cir. 2014) (holding that American Express common point of purchase reports were not testimonial); *United States v. Mallory*, 461 Fed. Appx. 352, 356 (4th Cir. 2012) (holding that admission of FedEx tracking records and their accompanying certification did not violate the Confrontation Clause); *United States v. Robinson*, 583 Fed. Appx. 86 (4th Cir. 2014) (holding that documents reflecting data from account management tool and log-in tracker of online services provider and data from connection logs of second provider were non-testimonial business records); *United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir. 2011) (holding that cell phone records were not testimonial and thus not subject to

confrontation).

## <u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the Court admit the

certified business records pursuant to Federal Rules of Evidence 803(6) and 902(11).


Respectfully submitted,

Kelly O. Hayes
United States Attorney


By: _____/s/_____
Kim. Y. Hagan
Paul E.  Budlow
Assistant United States Attorneys