## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.  SAG-23-186** |
| **MATTHEW HIGHTOWER** | |

### JOINT REQUESTED JURY INSTRUCTIONS

The United States respectfully request the Court to instruct that the Court instruct the jury in this case using the following instructions.  Except where expressly stated, all of these requested instructions are standard instructions, modified as necessary, from L. Sand, Siffert, *et al.*, *Modern Federal Jury Instructions – Criminal* or the Court's Standard Final Jury Instructions.  Some of the proposed instructions may not be applicable, depending on how the trial proceeds.

The government requests that it be allowed to submit proposed supplemental instructions if they become appropriate in light of developments prior to or at trial and further request that, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Court inform counsel of its proposed instructions prior to argument to the jury.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  _____/s/_____
Kim Y. Hagan
Paul E. Budlow
Assistant United States Attorneys
36 South Charles St., 4th Floor
Baltimore, Maryland 21201
Tel.: (410) 209-4800

INSTRUCTION NO. 1 (Juror Attentiveness) (2-1) ...................................................................... 6

INSTRUCTION NO. 2 (Role of the Court) (2-2) ....................................................................... 7

INSTRUCTION NO. 3 (Role of the Jury) (2-3) ......................................................................... 8

INSTRUCTION NO. 4 (Juror Obligations) (2-4) ..................................................................... 10

INSTRUCTION NO. 5 (The Government as a Party) (2-5) ...................................................... 11

INSTRUCTION NO. 6 (Conduct of Counsel) (2-8) ................................................................ 12

INSTRUCTION NO. 7 (Improper Considerations) (2-11)....................................................... 13

INSTRUCTION NO. 8 (Sympathy) (2-12) .............................................................................. 14

INSTRUCTION NO. 9 (Jury to Consider Only This Defendant) (2-18) .................................. 15

INSTRUCTION NO. 10 (Contact with Others) (2-21) ............................................................ 16

INSTRUCTION NO. 11 (Consider Only the Charges) (3-3) .................................................... 17

INSTRUCTION NO. 12 (Multiple Counts – One Defendant) (3-6) ......................................... 18

INSTRUCTION NO. 13 (Variance – Dates) (3-12) ................................................................. 19

INSTRUCTION NO. 14 (Knowingly) (3A-1)........................................................................... 20

INSTRUCTION NO. 15 (Willfully) (3A-3) .............................................................................. 21

INSTRUCTION NO. 16 (Presumption of Innocence and Burden of Proof) (4-1)..................... 22

INSTRUCTION NO. 17 (Specific Investigative Techniques Not Required) (4-4)..................... 23

INSTRUCTION NO. 18 (All Available Evidence Need Not Be Produced) (17.18) .................. 24

INSTRUCTION NO. 19 (Direct and Circumstantial Evidence) (5-2) ........................................ 25

INSTRUCTION NO. 20 (Questions) (5-3) ............................................................................... 27

INSTRUCTION NO. 21 (Testimony, Exhibits, Stipulations, and Judicial Notice in General)
    (5-4)................................................................................................................................ 28

INSTRUCTION NO. 22 (Consensual Recordings) (5-10)......................................................... 29

INSTRUCTION NO. 23 (Stipulation of Facts) (5-6) ................................................................ 30

INSTRUCTION NO. 24 (Transcripts of Tape Recordings) (5-9)................................................ 31

INSTRUCTION NO. 25 (Charts and Summaries—Admitted as Evidence) (5-12).................... 32

INSTRUCTION NO. 26 (Admission of Defendant) (5-19) ....................................................... 33

INSTRUCTION NO. 27 (Improper Consideration of Defendant's Right Not to Testify)
    (5-21)  ............................................................................................................................ 34

INSTRUCTION NO. 28 (Inference Defined—Presumptions) (6-1)........................................... 35

INSTRUCTION NO. 29 (Impermissible to Infer Participation from Association) (6-4)............. 36

INSTRUCTION NO. 30 (Uncalled Witnesses Equally Available) (6-7).................................... 37

INSTRUCTION NO. 31 (Consciousness of Guilt from False Exculpatory Statement) (6-11).... 38

INSTRUCTION NO. 32 (Consciousness of Guilt from Intimidation of a Witness) (6-16)......... 39

INSTRUCTION NO. 33 (Knowledge, Willfulness, Intent, Malice) (6-17) ................................. 40

INSTRUCTION NO. 34 (Using Motive for Intent) (6-18) ........................................................ 41

INSTRUCTION NO. 35 (Guilty Knowledge from Clandestine Behavior) (6-19) ..................... 42

INSTRUCTION NO. 36 (Witness Credibility) (7-1) .................................................................. 43

INSTRUCTION NO. 37 (Bias and Hostility) (7-2)..................................................................... 45

INSTRUCTION NO. 38 (Interest in Outcome) (7-3)................................................................... 46

INSTRUCTION NO. 39 (Defendant's Interest if Defendant Testifies) (7-4)............................. 47

INSTRUCTION NO. 40 (Accomplices Called by the Government) (7-5) .................................. 48

INSTRUCTION NO. 41 (Informal Immunity of Government Witness) (7-9) ............................ 50

INSTRUCTION NO. 42 (Witness Using or Addicted to Drugs) (7-9.1) .................................... 51

INSTRUCTION NO. 43 (Party Not Bound by Witness) (local) .................................................. 52

INSTRUCTION NO. 44 (Codefendant's Plea Agreement) (7-11) .............................................. 53

INSTRUCTION NO. 45 (Impeachment by Felony Conviction—Non-Defendant) (7-12).......... 54

INSTRUCTION NO. 46 (Impeachment of Defendant—Previous Felony) (7-13)...................... 55

INSTRUCTION NO. 47 (Government Informer) (7-14) ............................................................. 56

INSTRUCTION NO. 48 (Law Enforcement Witness) (7-16)...................................................... 57

INSTRUCTION NO. 49 (Impeachment by Prior Inconsistent Statement) (7-19) ...................... 58

INSTRUCTION NO. 50 (Identification Testimony) (7-20)......................................................... 59

INSTRUCTION NO. 51 (Expert Witness—Generally) (7-21) ................................................... 60

INSTRUCTION NO. 52 (Testimony as Both Expert and Lay Witness) (7-24).......................... 61

INSTRUCTION NO. 53 (Warrants) (local) ................................................................................. 62

INSTRUCTION NO. 54 (Court Rulings) (local) ........................................................................ 62

INSTRUCTION NO. 55 (Indictment is Not Evidence) (3-1, 3-2) ............................................. 64

INSTRUCTION NO. 56

(Count One - Conspiracy to Violate 18 U.S.C. Section 1513 –

Count Three – Conspiracy to Violate 18 U.S.C. Section 1512 –

Count Five – Murder for Hire Conspiracy 18 U.S.C. Section 1958)

The Indictment and the Statute) (46-43) ...................................................................... 65

INSTRUCTION NO. 57 (Witness Retaliation/Tampering Statutes - Statutory Purpose)

(46-44, 46-73) ........................................................................................................ 68

INSTRUCTION NO. 58 (Purpose of the Conspiracy Statute) (19-2) ........................................... 69

INSTRUCTION NO. 59 (Elements of Conspiracy) (19-3) ........................................................ 70

INSTRUCTION NO. 60 (First Element - Existence of Agreement) (19-4) ................................... 71

INSTRUCTION NO. 61 (Second Element - Membership in the Conspiracy) (19-6) .................. 72

INSTRUCTION NO. 62 (Counts One, Two, and Five—Declarations of Co-Conspirators)

(19-9) ...................................................................................................................... 75

INSTRUCTION NO. 63 (Count Two – Witness Retaliation Murder - The Indictment

and the Statute) (46-72) ......................................................................................... 76

INSTRUCTION NO. 64 (Elements of the Offense – Witness Retaliation Murder) (46-74) ....... 77

INSTRUCTION NO. 65 (First - Defendant Unlawfully Killed Decedent) (41-3) ...................... 78

INSTRUCTION NO. 66 (Malice Aforethought) (41-4) ............................................................. 79

INSTRUCTION NO. 67 (Premeditation) (41-5) ....................................................................... 80

INSTRUCTION NO. 68 (Count Two –Second Element—Knowing Conduct) (46-75) .............. 81

INSTRUCTION NO. 69 (Count Two – Third Element – Intent to Retaliate) (46-77) ............... 82

INSTRUCTION NO. 70 (Count Four – Witness Tampering Murder – The Indictment

and the Statute) (46-7) ............................................................................................ 83

INSTRUCTION NO. 71 (Count Four - Elements of the Offense) (46-45) ................................. 84

INSTRUCTION NO. 72 (First and Second Element—Defendant Killed Victim with Malice

Aforethought and Premeditation) (46-46) ........................................................... 85

INSTRUCTION NO. 73 (Third Element—Intent To Prevent Testifying in Court) (46-47) ........ 86

INSTRUCTION NO. 74 (Count Five – Murder-for-Hire Conspiracy-The Indictment and the Statute) (60-13) ................................................... 87

INSTRUCTION NO. 75 (Murder-for-Hire—Elements of the Offense) (60-14) ........................ 88

INSTRUCTION NO. 76 (First Element, Murder-for-Hire—Interstate Travel or the Use of an Interstate Facility) (60-15) ................................................... 89

INSTRUCTION NO. 77 (Second Element, Murder-for-Hire— Intent That Murder Be Committed) (60-16) ................................................... 90

INSTRUCTION NO. 78 (Third Element, Murder-for-Hire— Murder to Be Committed as Consideration for Anything of Value) (60-17) ................................... 91

INSTRUCTION NO. 79 (Fourth Element, Murder-for-Hire—Death) (60-18) ........................ 92

INSTRUCTION NO. 80 (Aiding & Abetting – The Indictment and the Statute) (11-1) ............. 93

INSTRUCTION NO. 81 (Aiding & Abetting) (11-2) ....................................................... 94

INSTRUCTION NO. 82 (Guilt of Substantive Offense – Pinkerton Charge) ............................ 96

INSTRUCTION NO. 83 (Punishment) (9-1) ................................................................... 98

INSTRUCTION NO. 84 (Right to See Exhibits and Hear Testimony; Communications with the Court) (9-3) ................................................... 99

INSTRUCTION NO. 85 (Submitting the Indictment) (9-4) ............................................. 100

INSTRUCTION NO. 86 (Contact with Others) (2-21) ................................................... 102

INSTRUCTION NO. 87 (Selection of a Foreperson) (9-5) ............................................. 102

INSTRUCTION NO. 88 (Duty to Consult and Need for Unanimity) (9-7) ............................ 103

INSTRUCTION NO. 89 (Retention of Alternate Jurors) (9-15) ...................................... 102

INSTRUCTION NO. 90 (Verdict Form) ....................................................................... 105

INSTRUCTION NO. 91 (Reaching a Verdict) .............................................................. 102

INSTRUCTION NO. 92 (Post-Verdict Instruction) (9-9) .............................................. 107

**INSTRUCTION NO. 1**
**(Juror Attentiveness)**

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

Sand, *Modern Federal Jury Instructions*, 2-1

**INSTRUCTION NO. 2**
**(Role of the Court)**

You have now heard all of the evidence in the case, and you will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


Sand, *Modern Federal Jury Instructions*, 2-2

**INSTRUCTION NO. 3**
**(Role of the Jury)**

Your final role is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

8

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand, *Modern Federal Jury Instructions*, 2-3

**INSTRUCTION NO. 4**
**(Juror Obligations)**

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand, *Modern Federal Jury Instructions*, 2-4

**INSTRUCTION NO. 5**
**(The Government as a Party)**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, *Modern Federal Jury Instructions*, 2-5 (modified)

**INSTRUCTION NO. 6**
**(Conduct of Counsel)**

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Sand, *Modern Federal Jury Instructions*, 2-8

**INSTRUCTION NO. 7**
**(Improper Considerations)**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sand, *Modern Federal Jury Instructions*, 2-11

**INSTRUCTION NO. 8**
**(Sympathy)**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand, *Modern Federal Jury Instructions*, 2-12

**INSTRUCTION NO. 9**
**(Jury to Consider Only This Defendant/Failure to Name a Defendant)**

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of the defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to the defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted. The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

Sand, *Modern Federal Jury Instructions*, 2-18, 3-4 (combined for the facts of this case)

**INSTRUCTION NO. 10**
**(Contact with Others)**

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Sand, *Modern Federal Jury Instructions*, 2-21

**INSTRUCTION NO. 11**
**(Consider Only the Charges)**

The defendant is not charged with committing any crime other than the offenses contained in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

Sand, *Modern Federal Jury Instructions*, 3-3 (modified)

**INSTRUCTION NO. 12**
**(Multiple Counts – One Defendant)**

The Indictment contains a total of 5 counts. Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sand, *Modern Federal Jury Instructions*, 3-6.

**INSTRUCTION NO. 13**
**(Variance—Dates)**

It does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

Sand, *Modern Federal Jury Instructions*, 3-12 (modified)

**INSTRUCTION NO. 14**
**(Knowingly)**

You will be instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Sand, *Modern Federal Jury Instructions*, 3A-1 (modified)

**INSTRUCTION NO. 15**
**(Willfully)**

You will be instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

(*If applicable*: If the defendant asserts a good faith misunderstanding of the law defense: or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.)

Sand, *Modern Federal Jury Instructions*, 3A-3 (modified)

**INSTRUCTION NO. 16**
**(Presumption of Innocence and Burden of Proof)**

The defendant has pleaded not guilty to the charge in the indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

Sand, *Modern Federal Jury Instructions*, 4-1

**INSTRUCTION NO. 17**
**(Specific Investigation Techniques Not Required) (if applicable)**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Sand, *Modern Federal Jury Instructions*, 4-4 (modified)

**INSTRUCTION NO. 18**
**(All Available Evidence Need Not Be Produced)**

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

1 Devitt & Blackmar, *Federal Jury Practice and Instructions*, § 17.18

## INSTRUCTION NO. 19
### (Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

Sand, *Modern Federal Jury Instructions*, 5-2

## INSTRUCTION NO. 20
### (Questions)

Let me emphasize that a lawyer's questions are not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

A famous example of this is the lawyer's question of a witness: "When did you stop cheating on your taxes?" You would not be permitted to consider as true the assumed fact that he ever cheated on his taxes, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had.

In short, questions are not evidence; answers are.


Sand, *Modern Federal Jury Instructions*, 5-3 (modified)

**INSTRUCTION NO. 21**
**(Testimony, Exhibits, Stipulations, and Judicial Notice in General)**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sand, *Modern Federal Jury Instructions*, 5-4

**INSTRUCTION NO. 22**
**(Consensual Recordings)**

The government has offered evidence in the form of a tape recording of conversations with the defendant and/or alleged co-conspirators. The recordings were made while one of the parties to the call was incarcerated where the phone system notifies conversation participants that the calls are being recorded.  The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the tape recordings in this case.

Instruction No. 5-10 (modified based on the facts of this case).

**INSTRUCTION NO. 23**
**(Stipulation of Facts) (if applicable)**


A stipulation is an agreement among the parties that a certain fact is true. You should regard

such agreed facts as true.


Sand, *Modern Federal Jury Instructions*, 5-6

**INSTRUCTION NO. 24**
**(Transcripts of Tape Recordings) (if applicable)**

The government has been permitted to hand out a typed document that it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Sand, *Modern Federal Jury Instructions*, 5-9

**INSTRUCTION NO. 25**
**(Charts and Summaries—Admitted as Evidence) (if applicable)**

The government (*or* defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

Sand, *Modern Federal Jury Instructions*, 5-12

**INSTRUCTION NO. 26**
**(Admission of Defendant) (if applicable)**

There has been evidence that a defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.

In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

Sand, *Modern Federal Jury Instructions*, 5-19

**INSTRUCTION NO. 27**
**(Improper Consideration of Defendant's Right Not to Testify) (if applicable)**

The defendant chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify. No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

Sand, *Modern Federal Jury Instructions*, 5-21

**INSTRUCTION NO. 28**
**(Inference Defined—Presumptions)**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

Sand, *Modern Federal Jury Instructions*, 6-1

**INSTRUCTION NO. 29**
**(Impermissible to Infer Participation from Association)**

You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

Sand, *Modern Federal Jury Instructions*, 6-4

**INSTRUCTION NO. 30**
**(Uncalled Witness Equally Available) (if applicable)**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Sand, *Modern Federal Jury Instructions*, 6-7

**INSTRUCTION NO. 31**
**(Consciousness of Guilt from False Exculpatory Statement)**

You have heard testimony that the defendant made certain statements outside the courtroom in which a defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which a defendant exonerated or exculpated himself are false.

If you find that a defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that a defendant is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that that defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Sand, *Modern Federal Jury Instructions*, 6-11 (modified)

**INSTRUCTION NO. 32**
**(Consciousness of Guilt from Intimidation of a Witness) (if applicable)**

You have heard testimony that the defendant attempted to intimidate or coerce a witness whom he believed was to be called by the government against him. The defendant is not on trial for those charges and you may not consider the evidence as a substitute for proof of guilt in this case.

However, if you find that the defendant did coerce or intimidate a witness whom he believed the government was going to call, you may, but are not required to, infer that the defendant believed that he was guilty of the crime for which he is here charged.

Whether evidence of the defendant's intimidation or coercion of a witness shows that the defendant believed that he was guilty of the crime for which he is now charged and the significance, if any, to be given to such evidence, is for you, the jury, to decide.

Sand, *Modern Federal Jury Instructions*, 6-16

**INSTRUCTION NO. 33**
**(Knowledge, Willfulness, Intent, Malice)**

Knowledge, willfulness (or malice), and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called on to decide.

Medical science has not yet devised an instrument that can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness (or malice), and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Sand, *Modern Federal Jury Instructions*, 6-17

## INSTRUCTION NO. 34
### (Using Motive for Intent)

Proof of motive is not a necessary element of the crime with which the defendant is charged.

Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.

If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

Sand, *Modern Federal Jury Instructions*, 6-18

**INSTRUCTION NO. 35**
**(Guilty Knowledge from Clandestine Behavior)**

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.

Sand, *Modern Federal Jury Instructions*, 6-19

# INSTRUCTION NO. 36
## (Witness Credibility)

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sand, *Modern Federal Jury Instructions*, 7-1

## INSTRUCTION NO. 37
### (Bias and Hostility)

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant or the government requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Sand, *Modern Federal Jury Instructions*, 7-2

## INSTRUCTION NO. 38
### (Interest in Outcome)

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.

[In a case in which the defendant does not testify, add: Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.]

Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Sand, *Modern Federal Jury Instructions*, 7-3

**INSTRUCTION NO. 39**
**(Defendant's Interest if Defendant Testifies) (if applicable)**

In a criminal case, a defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, a defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Sand, *Modern Federal Jury Instructions*, 7-4

**INSTRUCTION NO. 40**
**(Accomplices Called by the Government) (if applicable)**

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

48

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.


Sand, *Modern Federal Jury Instructions*, 7-5

**INSTRUCTION NO. 41**
**(Informal Immunity of Government Witness) (if applicable)**

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict the defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Sand, *Modern Federal Jury Instructions*, 7-9

**INSTRUCTION NO. 42**
**(Witness Using or Addicted to Drugs) (if applicable)**

There has been evidence introduced at the trial that the government called as witnesses, persons who were using or addicted to drugs when the events observed took place or who is now using drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs at the time of the events he is testifying about, or who is using drugs (or an addict) at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Instruction No. 7-9.1 (modified for facts of this case).

**INSTRUCTION NO. 43**
(Party Not Bound by Witness)

No party is bound by the testimony of the witnesses called by that party.

Each party is entitled to contradict or rebut the testimony of any witness called by them.

After making your own judgment, you may give the testimony of each witness such weight, if any, as you may think it deserves.

Local Boilerplate

**INSTRUCTION NO. 44**
**(Codefendant's Agreement) (if applicable)**

In this case, there has been testimony from a government witness who entered into an agreement with the government to testify. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Sand, *Modern Federal Jury Instructions*, 7-11 (modified)

**INSTRUCTION NO. 45**
**(Impeachment by Felony Conviction—Non-Defendant) (if applicable)**

You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail (or involving dishonesty or false statement). This prior conviction was put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

Sand, *Modern Federal Jury Instructions*, 7-12

**INSTRUCTION NO. 46**
**(Impeachment of Defendant—Previous Felony) (if applicable)**

As I instructed you earlier, a defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case a defendant did testify and he was subject to cross-examination, like any other witness. You learned during his testimony that the defendant was previously convicted of a crime. This prior conviction was received into evidence for the sole purpose of helping you to decide how much of his testimony to believe. I want to caution you that you may not consider the defendant's prior conviction in any way, except for the limited purpose of helping you decide how much of his testimony to believe and what weight, if any, to give it. You are specifically instructed that you may not consider the defendant's prior conviction as any evidence of his guilt in this case.

Sand, *Modern Federal Jury Instructions*, 7-13 (modified)

## INSTRUCTION No. 47
### (Government Informer) (if applicable)

There has been evidence introduced at trial that the government used an informer in this case. I instruct you that there is nothing improper in the government's use of informers and, indeed, certain criminal conduct never would be detected without the use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informer.

On the other hand, when an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government that would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

Sand, *Modern Federal Jury Instructions*, 7-14.

## INSTRUCTION NO. 48
## (Law Enforcement Witness)

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sand, *Modern Federal Jury Instructions*, 7-16

**INSTRUCTION NO. 49**
**(Impeachment by Prior Inconsistent Statement) (if applicable)**

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Sand, *Modern Federal Jury Instructions*, 7-19

## INSTRUCTION NO. 50
### (Identification Testimony)

One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The government has the burden of proving identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his identification of the defendant. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict them. If you are not convinced beyond a reasonable doubt that the defendant were the people who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them all here. I will only suggest to you that you should consider the following matters: Did the witness have the ability to see the offender at the time of the offense? Has the witness' identification of the defendant as the offenders been influenced in any way? Has his/her identification been unfairly suggested by events that occurred since the time of the offense? Is his/her recollection accurate?

In addition, you should consider the credibility of the identification witness just as you would any other witness.

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including the identity of the defendant as the offender. Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was the defendant who committed that crime, you must find them not guilty.

Sand, *Modern Federal Jury Instructions*, 7-20 (modified)

**INSTRUCTION NO. 51**
**(Expert Witness—Generally)**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Sand, *Modern Federal Jury Instructions*, 7-21

**INSTRUCTION NO. 52**
**(Testimony as Both Expert and Lay Witness) (if applicable)**

You have heard the testimony of [name of witness] who testified to both facts and opinions. You should consider each of those types of testimony separately, and give them the proper weight.

As to the testimony about facts, you should consider the factors that I discussed earlier in these instructions about how to weigh the credibility of witnesses.

As to the testimony that included opinions, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Again you may give both the fact testimony and the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

Sand, *Modern Federal Jury Instructions*, 7-24

## INSTRUCTION NO. 53
### (Warrants)

You have also heard testimony in this case regarding evidence seized by the government during the execution of search warrants.  You are hereby instructed that it is the responsibility of the Court alone to determine the validity and legality of those search warrants.  It is up to you to decide what significance, if any, the evidence seized may have in this case.


Local Boilerplate

**INSTRUCTION NO. 54**
**(Court Rulings)**

At times throughout the trial, the Court has been called upon to pass on the admissibility of certain offered evidence.  You should not be concerned with the Court's rulings or the reasons for them; whether evidence that has been offered is admissible or not is purely a question of law and a matter left to the Court.

In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence.

You must not guess what the answer might have been to any question to which an objection was sustained, and you must not speculate as to the reason the question was asked or the reason for the objection.

Local Boilerplate

**INSTRUCTION NO. 55**
**(Indictment is Not Evidence)**

The instructions which I have just given to you are more or less of a general nature applicable to all criminal cases before this Court.  We will next consider the crimes with which the defendant is charged in the indictment.  The alleged crimes are charged in what is called a count.

The defendant here is charged with various crimes about which I will instruct you shortly. Each charge is called a "count.  The defendant is charged in Counts One through Five relating to the murder of Latrina Ashburne.  I will instruct you about each of these crimes shortly.

You will not be furnished with the Indictment itself, because an indictment is merely a statement of charges and not itself evidence.  I will read the charges in the Indictment to you in a moment.

The defendant has denied that he is guilty of these charges.

Sand, *Modern Federal Jury Instructions*, 3-1, 3-2 (combined for facts of this case)

**JURY INSTRUCTION NO.  56**
**(Count One - Conspiracy to Violate 18 U.S.C. Section 1513 –**
**Count Three – Conspiracy to Violate 18 U.S.C. Section 1512 –**
**Count Five – Conspiracy to Violate 18 U.S.C. Section 1958 –**
**The Indictment and the Statute)**

The defendant is charged in Count One with conspiracy to violate Title 18, United States Code Section 1513, in Count Three with conspiracy to violate Title 18, United States Code Section 1512, and in Count Five with Conspiracy to violate United States Code Section 1958.   I will explain the difference between a conspiracy charge and a "substantive" crime in a moment.

The relevant statute as to Count One is Section 1513(f) which makes it a crime to **conspire** with another person to

> Kill or attempt to kill another person with intent to retaliate against any person for…. (B)  providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense…

Count One of the indictment reads:

> On a date prior to May 27, 2016, the actual date being unknown to the Grand Jury, continuing through on or about May 27, 2016, in the District of Maryland, the defendant, **MATTHEW HIGHTOWER,** did knowingly, willfully and unlawfully conspire and agree with others known and unknown to the Grand Jury to commit any offense under Title 18, Section 1513; to wit, to kill a person with intent to retaliate against that person for providing to a law enforcement officer information relating to the commission and possible commission of a Federal offense.

Section 1513 is commonly referred to as the "witness retaliation" statute.

The relevant statute as to Count Three is Section 1512(k) which makes it a crime to conspire with another person to:

> kill or attempt to kill another person, with intent to — (A)   prevent the attendance or testimony of any person in an official proceeding.

Section 1512 is commonly referred to as the "witness tampering" statute.

Count Three of the Indictment reads:

65

On a date prior to May 27, 2016, the actual date being unknown to the Grand Jury, continuing through on or about May 27, 2016, in the District of Maryland, the defendant, **MATTHEW HIGHTOWER,** did knowingly, willfully and unlawfully conspire and agree with others known and unknown to the Grand Jury to commit any offense under Title 18, Section 1512; to wit, to kill a person with intent to prevent the attendance and testimony of a person in an official proceeding.

The relevant statute as to Count Five is Section 1958(a) which makes it a crime to conspire with another person to:

use or cause another to use any facility of interstate commerce, with intent that a murder be committed as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

Section 1958(a) is commonly referred to as the "Murder-for-Hire" statute.

Count Five of the Indictment reads:

On a date prior to May 27, 2016, the actual date being unknown to the Grand Jury, continuing through on or about May 27, 2016, in the District of Maryland, the defendant, **MATTHEW HIGHTOWER**, did knowingly and willfully combine, conspire, confederate , and agree with others known and unknown to the Grand Jury , to use and cause another to use a facility of interstate commerce with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, which offense resulted in the death of Latrina Ashburne.

The difference between the conspiracy charged in Counts One, Three and Five is the object (or purpose) of the conspiracy charged.  The object of the conspiracy charged in Count One is to retaliate against a witness (here the intended target) for having provided information to a law enforcement officer. The object of the conspiracy charged in Count Three is witness tampering, that is to prevent the testimony or attendance of the witness at a court proceeding.  The object of the conspiracy charged in Count Five is that a murder be committed as consideration for payment.

Sand, *Modern Federal Jury Instructions*, 46-43   (modified for facts of this case); *see generally United States v. Ashley*, 606 F.3d 135 (4th Cir. 2010)(explaining difference between 18 U.S.C. §§ 1513 and 1512.)

**JURY INSTRUCTION NO.  57**
**(Witness Retaliation/Tampering Statutes - Statutory Purpose)**

The witness tampering and witness retaliation statutes are designed to protect persons who are victims of federal crimes, persons who may be called to testify or give evidence in a federal proceeding—either civil or criminal—and persons who have information about federal crimes. The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses. If persons with information do not come forward, produce evidence and appear when summoned, the criminal justice system will be significantly impaired. This statute was devised to make it unlawful for anyone to tamper with, or retaliate against, such a witness in the manner described by the statute.


Sand, *Modern Federal Jury Instructions*, 46-44, 46-73 (combined and modified for facts of this case)

## JURY INSTRUCTION NO. 58
### (Purpose of the Conspiracy Statute)

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership--a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as :substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Sand, *Modern Federal Jury Instructions*, 19-2 (modified for facts of this case)

**JURY INSTRUCTION NO. 59**
**(Counts One, Three and Five—Elements of Conspiracy)**

In order to satisfy its burden of proof as to Count One, Count Three, and Count Five, the government must establish each of the following two essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in Count One, Count Three, and/or Count Five of the Indictment starting on a date prior to May 27, 2016, the exact date unknown to the grand jury, through on or about May 27, 2016, and

Second, that the defendant knowingly and willfully became a member of the conspiracy charged in Count One, Count Three, and/or Count Five.

Sand, *Modern Federal Jury Instructions*, 19-3 (modified for facts of this case)

## JURY INSTRUCTION NO. 60
### (Counts One, Three and Five, First Element—Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy in Count One and Count Three is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Sand, *Modern Federal Jury Instructions*, 19-4 (modified)

## JURY INSTRUCTION NO. 61
### (Counts One, Three and Five, Second Element - Membership in the Conspiracy)

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that

connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the

conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement-- that is to say, a conspirator.

Sand, *Modern Federal Jury Instructions*, 19-6

**COURT'S INSTRUCTION NO. 62**
**(Counts One, Three, and Five—Declarations of Co-Conspirators) (if applicable)**

You will recall that I have admitted into evidence against the defendant the declarations and statements of others because these declarations and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial. The reasonably foreseeable declarations and statements of any member of a conspiracy made in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be those of all of the members. It is the jury's function to determine whether the evidence, including the co-conspirators' declarations and statements, is credible and convincing. The burden of proving beyond a reasonable doubt that a conspiracy existed and that the defendant was a member of that conspiracy remains with the government.

Sand, *Modern Federal Jury Instructions*, 19-9

**JURY INSTRUCTION NO.  63**
**(Count Two – Witness Retaliation Murder -**
**The Indictment and the Statute)**

The defendant is charged with retaliating against a witness in an official federal proceeding.

Specifically, Count Two of the Indictment charges the substantive offense of violating Title 18

United States Code Section 1513 (Witness Retaliation Murder).  I just read the conspiracy

language of Section 1513.  I will repeat the pertinent part of Section 1513 regarding the substantive

offense charged in Count Two:

> Whoever….kills or attempt to kill another person with intent to retaliate
> against any person for … (B)   providing to a law enforcement officer any
> information relating to the commission or possible commission of a Federal
> offense…

shall be guilty of a crime.

The Indictment reads:

> On or about May 27, 2016, in the District of Maryland, the defendant,
> MATTHEW HIGHTOWER,
>
> with malice aforethought, did unlawfully kill , and aid and abet the killing
> of Latrina Ashburne, willfully, deliberately, maliciously and with
> premeditation, by gunshot, and did so with intent to retaliate against a
> witness for providing to a law enforcement officer information relating to
> the commission and possible commission of a Federal offense.

The relevant statute on this subject is 18 U.S.C. § 1513(b). It provides:

> Whoever knowingly engages in any conduct and thereby causes bodily
> injury to another person or damages the tangible property of another person,
> or threatens to do so, with intent to retaliate against any person for—  any
> information relating to the commission or possible commission of a Federal
> offense  [shall be guilty of a crime].

Sand, *Modern Federal Jury Instructions*, 46-72 (modified for facts of this case).

**JURY INSTRUCTION NO. 64**
**(Elements of the Offense – Witness Retaliation Murder)**

In order to prove the defendant guilty of retaliating against a witness in an official federal proceeding, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly killed or aided and abetted the killing of Latrina Ashburne, by gunshot.

Second, that the defendant acted willfully, deliberately, maliciously and with premeditation.

Third, that the defendant acted with the intent to retaliate against another person for providing to a law enforcement officer information relating to the commission or possible commission of a federal offense.

Sand, *Modern Federal Jury Instructions*, 46-74 (combined and modified for this case).

**JURY INSTRUCTION NO. 65**
**(First Element- Defendant Unlawfully Killed Decedent)**

The first element the government must prove beyond a reasonable doubt is that the defendant killed or aided and abetting the killing of Latrina Ashburne by gunshot.  In this regard it is the government's burden to prove that the defendant's conduct was the direct cause of Ms. Ashburne's death.  This means simply that the government must prove that the defendant inflicted an injury or injuries upon the deceased by gunshot from which the deceased died, or aided and abetted in doing so.

Sand, *Modern Federal Jury Instructions*, 41-3 (modified for this case).

## JURY INSTRUCTION NO. 66
### (Malice Aforethought)

The government must also prove beyond a reasonable doubt that the defendant acted with malice aforethought.

Malice is the state of mind that would cause a person to act without regard to the life of another.

To satisfy this element, the defendant must have acted consciously, with the intent to kill another person.

However, the government need not prove a subjective intent to kill on the part of the defendant. It would be sufficient to satisfy this element if it proved reckless and wanton conduct on the part of the defendant that grossly deviated from a reasonable standard of care such that he was aware of the serious risk of death.

In order to establish this element, the government must prove that the defendant acted willfully, with a bad or evil purpose to break the law. However, the government need not prove spite, malevolence, hatred or ill will toward the victim.

Sand, *Modern Federal Jury Instructions*, 41-4

## JURY INSTRUCTION NO. 67
### (Premeditation)

With regard to the killing of Ms. Ashburne, the government must prove beyond a reasonable doubt that the defendant acted with premeditation. An act is done with premeditation if it is done upon planning or deliberation. In order to satisfy this element the government must prove that the defendant killed the victim only after thinking the matter over, deliberating whether to act before committing the crime. There is no requirement that the government prove that the defendant deliberated for any particular period of time in order to show premeditation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It is sufficient to satisfy this element if you find that before he acted, the defendant had a period of time to become fully aware of what he intended to do and to think it over before he acted.

Sand, *Modern Federal Jury Instructions*, 41-5 (modified for facts of this case)

**JURY INSTRUCTION NO. 68**
**(Count Two –Second Element—Knowing Conduct)**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in the conduct alleged in the indictment, that is that the defendant knowingly killed or aided and abetted the killing of Ms. Ashburne. I previously defined "knowingly" for you.

Sand, *Modern Federal Jury Instructions*, 46-75 (modified for facts of this case)

**JURY INSTRUCTION NO. 69**
**(Count Two – Third Element – Intent to Retaliate)**

The third element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to retaliate against a witness for information given relating to the commission of a federal offense to a law enforcement officer.

A law enforcement officer means an officer or employee of the federal government authorized to prevent, investigate or prosecute offenses or serving as a probation officer. You are instructed that a Special Agent of the Department of Health & Human Services is a law enforcement officer. In this regard, the government must also prove that the defendant knew that the witness (here, the alleged intended target) was cooperating with a federal law enforcement officer.

In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular law.

Sand, *Modern Federal Jury Instructions*, 46-77 (modified for facts of this case)

**JURY INSTRUCTION NO. 70**
**(Count Four – Witness Tampering Murder -**
**The Indictment and the Statute)**

Count Four of the Indictment charges the substantive offense of violating Title 18 United

States Code Section 1512 (Witness Tampering murder) which provides:

> Whoever….kills or attempt to kill another person with intent to retaliate against any person for … (B)   providing to a law enforcement officer any information relating to the commission or possible commission of a Federal offense…

shall be guilty of a crime.

The Indictment reads:

> On or about May 27, 2016, in the District of Maryland, the defendant, MATTHEW HIGHTOWER,

> with malice aforethought , did unlawfully kill , and aid and abet the killing of, Latrina Ashburne, willfully, deliberately, maliciously and with premeditation , by gunshot, and did so with intent to prevent the attendance and testimony of a person in an official proceeding.

Sand, *Modern Federal Jury Instructions*, 46-7 (modified for facts of this case).

**JURY INSTRUCTION NO. 71**
**(Count Four - Elements of the Offense)**

In order to prove the defendant guilty of Count Four, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant unlawfully killed, or aided and abetted the killing, of Latrina Ashburne;

Second, the defendant acted willfully, deliberately, maliciously and with premeditation,

Fourth, the defendant killed (or aided and abetted the killing of) Latrina Ashburne with the intent to prevent another person from testifying in an official proceeding.

Sand, *Modern Federal Jury Instructions*, 46-45

**JURY INSTRUCTION NO. 72**
**(First and Second Element—**
**Defendant Killed Victim with Malice Aforethought and Premeditation)**

The first element the government must prove beyond a reasonable doubt is that the defendant killed or aided and abetted the killing of Latrina Ashburne and the second is that the defendant did so willfully, deliberately, maliciously and with premeditation,

I previously instructed you on the definition of these elements with respect to Count Two and I refer you to those jury instructions now.

Sand, *Modern Federal Jury Instructions*, 46-46

**JURY INSTRUCTION NO. 73**
**(Third Element—Intent To Prevent Testifying in Court)**

The third element the government must prove beyond a reasonable doubt is that the defendant killed, or aided and abetted the killing of, Latrina Ashburne with the intent to prevent another person from testifying in an official proceeding.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal. You are instructed that the federal criminal trial against Matthew Hightower is an official proceeding.

The law does not require that the federal proceeding be pending at the time of the killing as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. In addition, the government does not have to prove that defendant knew that the proceeding would be in federal court.

Sand, *Modern Federal Jury Instructions*, 46-47 (modified for this case).

**JURY INSTRUCTION NO. 74**
**(Count Five – Murder-for-Hire Conspiracy-**
**The Indictment and the Statute)**

As discussed earlier, Count Five of the Indictment charges conspiracy to violate Title 18

United States Code Section 1958 (Murder-for-Hire) which provides:

> Whoever travels in or causes another to travel in interstate commerce, or uses or causes another to use the mail or any facility of interstate commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value [is guilty of a crime].

As I read to you earlier, the Indictment reads:

> On a date prior to May 27, 2016, the actual date being unknown to the Grand Jury, continuing through on or about May 27, 2016, in the District of Maryland, the defendant, **MATTHEW HIGHTOWER**, did knowingly and willfully combine, conspire, confederate , and agree with others known and unknown to the Grand Jury , to use and cause another to use a facility of interstate commerce with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, which offense resulted in the death of Latrina Ashburne.

Sand, *Modern Federal Jury Instructions*, 60-13 (modified for facts of this case).

## JURY INSTRUCTION NO. 75
### (Murder-for-Hire—Elements of the Offense)

In order to prove a violation of section 1958, the government must establish beyond a reasonable doubt each of the following elements of the offense.

First, that the defendant traveled or caused someone else to travel interstate or used or caused someone else to use the mail or any facility in interstate commerce;

Second, that this travel or use of the mail or any facility in interstate commerce was done with the intent that a murder be committed in violation of the laws of any State or the United States; and

Third, that anything of pecuniary value was received or promised or agreed to be paid as consideration for the murder.

Fourth, that Latrina Ashburne died as a result of defendant's participation in this offense.

Sand, *Modern Federal Jury Instructions*, 60-14

## JURY INSTRUCTION NO. 76
### (First Element, Murder-for-Hire—Interstate Travel or the Use of an Interstate Facility)

The first element that the government must prove beyond a reasonable doubt is that the defendant used or caused someone else to use an interstate facility.

An interstate facility is a vehicle or means of communications that crosses state lines in the course of commerce. For example, using the Internet or making a telephone call or sending a telegram constitutes the use of a facility of interstate commerce regardless of whether the particular communication that is alleged actually crossed a state line. Any use of the United States mail constitutes the use of a facility of interstate commerce.

The use of an interstate facility must have occurred to facilitate or further the commission of the murder. It need not have been the only reason, or even the principal reason, for the use of an interstate facility as long as it was one of the reasons for the travel or use of a facility.

The defendant has been charged with using or causing another to use a facility of interstate commerce.  If the government has proved these facts beyond a reasonable doubt, then you may find that it has proven the first element of the charge against the defendant.

Sand, *Modern Federal Jury Instructions*, 60-15

## JURY INSTRUCTION NO. 77
### (Second Element, Murder-for-Hire— Intent That Murder Be Committed)

The second element that the government must establish beyond a reasonable doubt is that this use of an interstate facility was done with the intent that a murder be committed in violation of the laws of any State or the United States.

The government does not have to prove that the murder was committed or even that it was attempted. It must prove that the use of the interstate facility was done with the intent to further or facilitate the commission of the murder.

You are thus being asked to look into the defendant's mind and ask what was the defendant's purpose in using interstate facilities or causing another to use interstate facilities. You may determine the defendant's intent from all the evidence that has been placed before you, including the statements of the defendant and his conduct before and after the or use of the facilities.

Sand, *Modern Federal Jury Instructions*, 60-16 (modified for facts of this case)

**JURY INSTRUCTION NO. 78**
**(Third Element, Murder-for-Hire— Murder to Be Committed as Consideration for Anything of Value)**

The third element that the government must establish beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of anything of value.

This requires that the government prove that there was a mutual agreement, understanding or promise that something of value would be exchanged for committing the murder.

"Anything of value" means money, negotiable instruments, or anything else the primary significance of which is economic advantage.

Sand, *Modern Federal Jury Instructions*, 60-17 (modified for facts of this case)

**JURY INSTRUCTION NO. 79**
**(Fourth Element, Murder-for-Hire—Death)**

The fourth element that the government must prove beyond a reasonable doubt is that Latrina Ashburne died  as a result of defendant's participation in this offense.

In order to establish that the defendant's conduct resulted in the death of Ms. Ashburne, the government must prove beyond a reasonable doubt that but for the defendant's actions, Ms. Ashburne would not have died.  The government is not required to prove that the defendant intended to cause the death of Ms. Ashburne.

Sand, *Modern Federal Jury Instructions*, 60-18 (modified for facts of this case)

**INSTRUCTION NO. 80**
**(Aiding and Abetting—The Indictment and the Statute)**

The indictment also charges the defendant with aiding & abetting the offenses charged in Counts Two and Four of the Indictment.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

Sand, *Modern Federal Jury Instructions*, 11-1 (modified for facts of this case)

## INSTRUCTION NO. 81
## (Aiding and Abetting)

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must establish that the defendant knew and intended that a witness would be retaliated against for providing information regarding the commission of a federal offense (as to Counts One and Two) and/or that a witness be prevented from attending or giving testimony at a proceeding (as to Count Three and Four).

To establish that the defendant participated in the commission of the crime, the government must prove that defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.


Sand, *Modern Federal Jury Instructions*, 11-2  (modified for facts of this case)

## JURY INSTRUCTION NO. 82
### (Guilt of Substantive Offense - Pinkerton Charge)

There is another method by which you may evaluate the possible guilt of the defendant for Counts Two and Four of the Indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of that crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One and/or Three of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of substantive crimes charged in Count Two and/or Four, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime in Count Two and/or Four, even though he did not personally participate in the acts constituting the substantive crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.

Sand, *Modern Federal Jury Instructions*, 19-3 (modified for facts of this case)

**INSTRUCTION NO. 83**
**(Punishment)**

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Sand, *Modern Federal Jury Instructions*, 9-1 (modified)

## INSTRUCTION NO. 84
### (Right to See Exhibits and Hear Testimony; Communications with the Court)

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Sand, *Modern Federal Jury Instructions*, 9-3 (modified)

**INSTRUCTION NO. 85**
**(Submitting the Indictment)**

I am sending a copy of the indictment into the jury room for you to have during your deliberations. You may use it to read the crimes that the defendant are charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

Sand, *Modern Federal Jury Instructions*, 9-4 (modified)

**INSTRUCTION NO. 86**
**(Contact with Others)**

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any other social media or Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

Sand, *Modern Federal Jury Instructions*, 2-21

**INSTRUCTION NO. 87**
**(Selection of a Foreperson)**

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations.

Sand, *Modern Federal Jury Instructions*, 9-5

**INSTRUCTION NO. 88**
**(Duty to Consult and Need for Unanimity)**

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If it succeeds, your verdict should be guilty; if it fails, it should be not guilty. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case. But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

Sand, *Modern Federal Jury Instructions*, 9-7

**INSTRUCTION NO. 89**
**(Retention of Alternate Jurors)**

At this time, the regular jurors will begin deliberations. At the same time, I am going to ask that the alternate jurors remain here during deliberations. [Describe where and when alternate jurors should be present in courthouse.]

During the time that the jury is deliberating, you should not talk about this case with anyone, even among yourselves. That is, do not discuss it with each other, with the regular jurors, with other people involved in the trial, with court personnel or other people in the courthouse, or with family, friends or anyone else. There is always a possibility until a verdict is reached that one (or more) of you could be called upon to deliberate with the jury, so it is very important that you not talk about the case until a verdict is reached. If anyone even attempts to talk to you about the case, please report that to me immediately.

Sand, *Modern Federal Jury Instructions*, 9-15

**INSTRUCTION NO. 90**
**(Verdict Form)**

A form of special verdict has been prepared for your convenience. You will take this form to the jury room and complete it there. You will have your foreperson fill in, date, and sign the verdict form. You will then return with the completed special verdict to the courtroom.

I caution you that nothing said in these instructions, and nothing in the verdict form, is meant to suggest or convey, in any way or manner, any intimation as to what verdict *I* think you should find. What the verdict will be is your sole and exclusive duty and responsibility.

**INSTRUCTION NO. 91**
**(Reaching Verdict)**

In conclusion, let me remind you once again that your verdict must be unanimous, reflecting the judgment of each and every one of you.  You should approach the issues of this case in the manner in which you would approach any important matter that you have occasion to determine in the course of your everyday business.  Consider them in the jury room deliberately and carefully, in the light of the instructions I have given you, and use the same common sense and the same intelligence that you would employ in determining any important matter that you have to decide in the course of your own affairs.

**INSTRUCTION NO. 92**
**(Post-Verdict Instruction)**

Members of the jury, I told you at the start of the trial, and in my instructions to you, that the verdict was your responsibility and your responsibility alone; that it was not my province to involve myself in what the verdict should be, but only to give you instructions of law as to what you were to consider and how you were to go about your consideration of the verdict.

I therefore make it an invariable practice not to comment to the jury on the verdict that the jury reaches. I do not ever say to jurors that I think your verdict was a good verdict, or I think your verdict was a bad verdict. The point is simply it is your verdict, it is the verdict that has been entered in the case.

I do, however, say to jurors that it is clear that you have taken your responsibilities very seriously. It was clear that you paid close attention throughout the trial, that you listened carefully to the instructions of law that I gave you, that you listened to the summations of counsel, as well as to all of the evidence in the case. And that since the moment that you retired to consider your verdict, that you approached the matter in your hands with great seriousness.

It was clear from the notes that you sent to the court, the requests to have certain issues of evidence read back to you, it was clear that you took the kind of interest that jurors should take to see to it that your responsibilities were discharged in a thorough and conscientious fashion.

So, although I will not say any word to you one way or another about the particular verdict that you reached, that was your verdict; suffice it to be said, that the jury has rendered a verdict.

I do thank you, nonetheless, for the serious and conscientious fashion in which you have deliberated.

You have now terminated your jury service.

Now, before I dismiss you, I want to say a few words to you about your conduct in regard to this case going forward.

I have instructed you up to now that you are not to speak to anyone about this case.

Now, the case is terminated, and my authority to give you instructions is also terminated.

As a matter of law you will have the right after you are dismissed from this courtroom to talk, if you want to talk, I have no power to order you otherwise. But I do want to make some suggestions to you, which I will simply ask you take into account, and to think about.

You observe that jurors are separated from the rest of us in the trial, both figuratively and literally. There is that wall, that rail in front of you that separates you from everyone else. Your deliberations are conducted in privacy, in secret, in a room adjacent to the court room where no one hears what you say to one another, no one has the slightest idea what goes on in those deliberations.

I want to suggest to you that the jury system functions better if the various jurors continue to respect the privacy of the jury room after the jury deliberation is terminated.

We do see in the newspapers and on television sometimes a case is decided and the minute they reach the courthouse steps jurors are being interviewed by various people, and they are making statements and saying who said what to whom in the jury room. And how many jurors thought this and how many jurors thought that.

I want to suggest to you that my view is that this is not an appropriate way to proceed. It does not respect the privacy of the jury room.

It is a part of the theory of the way jurors conduct their deliberations that jurors will be more forthcoming, more ready to speak their views if they can be confident that what is discussed among the jurors will remain a secret shared only by those jurors. And that one juror who expressed

his or her mind in this fashion will not then find another juror repeating to the world what the first juror said.

I want to suggest to you that the system functions better and was intended to function in a fashion in which jurors would retain the confidence of what went on among the jury, among themselves, and will not speak to anybody about it, that this is the jury's private matter.

I repeat, that is merely a suggestion. I have no right to give you any orders as to what you will do hereafter.

I make clear, you have the perfect right, there is no law that prevents you from speaking. But I give you my views on the subject, which you are free to act in accordance with, or to disregard as you choose.

Nonetheless, those are my views on the subject.

Once again, I repeat the thanks of the court for your cooperative attitude with the scheduling of the trial and for the conscientious way in which you approached your task. You are now dismissed and released from jury service..

Sand, *Modern Federal Jury Instructions*, 9-9