# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | Case No.: SAG 23-186 |
| | : | |
| MATTHEW HIGHTOWER, | : | |
| | : | |
| | : | |

## MATTHEW HIGHTOWER'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE AND TO EXCLUDE EVIDENCE AND ARGUMENT (ECF 95)

Matthew Hightower hereby responds to the Government's Motion in Limine to Admit Evidence and to Exclude Evidence and Argument (ECF 95) in which the government seeks to (1) admit two summary exhibits, (2) admit cell phone extractions through lay witnesses, (3) exclude reference to the relative strength of the prior trial, and (4) exclude references to penalties.

**I.      Summary Exhibits**

Mr. Hightower does not object to the admission of summary exhibits, provided all the evidence contained in them is deemed admissible, the requirements of F.R.E. 1006 are met, the complete original materials are available for trial, the defense is allowed to cross-examine the witnesses who prepared the summaries, and the summaries provide sufficient context for the information contained within. The government has not yet provided these summary exhibits, so the defense cannot respond with more specificity or agree to their admission at trial at this time.

A.   <u>Cell Phone Summary</u>

In the Carter/Mosley trial, Special Agent Mathew Wilde testified regarding the cell phone summary chart (Ex. P-2 in that trial). SA Wilde testified that the chart was compiled from the

cell phone extractions for various relevant witnesses, and that the call records were edited to remove duplicates. 1/14/20 Tr. 104-5. Mr. Hightower has no objection to the removal of duplicates from the summary to streamline and clarify the chart. But to the extent the summary chart removes communications that provide context or completes the records of witness interactions, Mr. Hightower would object.

Mr. Hightower has not been provided a copy of Exhibit P-2 from the Carter/Mosley trial and so cannot evaluate its reliability or completeness. Accordingly, he reserves his right to object more specifically once he has reviewed the proposed exhibit alongside the original documents from which it is drawn. To the extent the summary accurately depicts the underlying records, Mr. Hightower likely would not object to its admission.

B. Surveillance Video Summary

Mr. Hightower would not object to the introduction of a summary of the Sinai Ridge surveillance footage similar to that to which Det. Brandt testified during the Carter/Mosley trial. Mr. Hightower simply asks that he be provided a copy and opportunity to review before the Court determines its admissibility.

**II.     Cell Phone Extractions Through Lay Witnesses**

Mr. Hightower does not object to the admission of cell phone extractions through lay witnesses who performed the extractions, provided proper foundations are laid and objections to the authenticity and accuracy are preserved.

**III.    References to the Relative Strength of the Prior Trial**

The Sixth Amendment and Due Process Clauses protect Mr. Hightower's fundamental right to present a defense. Mr. Hightower objects to being precluded from arguing based on the evidence at trial the relative weakness of the case against him as compared to Carter and Mosley.

Similarly, Mr. Hightower reserves the right to argue that he was not charged with Carter and Mosley and that the jury can make a reasonable inference as to why, provided he does not assert the government's beliefs or opinions regarding the relative strength of the cases at different points in time. References to the strength of the evidence against Carter and Mosley as compared to the evidence against Mr. Hightower is proper argument, and the government cites no authority abrogating his fundamental right to present a complete defense.

In response to the government's proposed Instruction No. 9, which combines Model Federal Jury Instructions 2-18 and 3-4, Mr. Hightower objects to the inclusion of Instruction 3-4 unless an unindicted co-conspirator or accomplice testifies. Mr. Hightower is aware of no such witnesses at this time. The combined proposed Instruction No. 9 would give the jury the misimpression that it cannot draw inferences about the relative strength of the evidence against each of the three men charged with the murder and is thus inappropriate here.

## IV.     References to Penalties

The defense will not argue that Mr. Hightower will spend the rest of his life in prison if convicted, relying on clear Supreme Court and Fourth Circuit precedent as cited in the government's Motion. ECF 95 at 8-9. But he reserves the right to examine witnesses on the sentences they have received at their own trials. Davon Carter received a life sentence for murdering Latrina Ashburne. His desire to avoid that life sentence and his hope for a reduced punishment are highly relevant to his motivation to testify against Mr. Hightower. *See*, *United States v. Ambers*, 85 F.3d 173, 176 (4th Cir. 1996). "The critical question" in assessing the limits of cooperator cross-examination "is whether the defendant is allowed an opportunity to examine a witness' 'subjective understanding of his bargain with the government.'" *Id*. (quoting *Hoover*

*v. Maryland*, 714 F.2d 301, 305, 306 (4th Cir. 1983)). The cooperators motivation in testifying is highly probative on the issue of bias. *Id*.

Mr. Hightower does not intend to get into any specific number of years by which Carter expects his sentence to be reduced unless he offers it in his direct testimony. But the fact of his current life sentence and his hope for a reduction to something less than life is highly probative of his bias. Mr. Hightower's rights to cross-examination, to present a complete defense, and to due process would be violated by limiting argument as the government proposes.

Likewise, Mr. Hightower will not argue the specific number of years by which CW-1 expects his sentenced to be reduced, only that he is motivated to testify by his hope for a sentence reduction. Depending on CW-1's criminal history and the sentence he has received or is facing, Mr. Hightower reserves the right to address those sentences as they are relevant both to his bias—as with Mr. Carter—and to his credibility.

Mr. Hightower will not argue to the jury the sentence he faces if convicted, but he must be permitted to describe the sentences cooperating witnesses have received and that they expect or hope that those sentences will be meaningfully reduced.

Respectfully submitted,

Matthew Hightower, *by counsel*

_____/s/_____
Daniel H. Goldman
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
MD Bar # 220210033
(202) 677-5709 – Phone
dan@dangoldmanlaw.com

Teresa Whalen
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
MD Bar # 25245
(301) 728-2905 (Phone)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2025, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

            /s/
           Daniel H. Goldman, VSB # 82144
           The Law Office of Daniel Goldman
           421 King Street, Suite 505
           Alexandria, Virginia 22314
           (202) 677-5709 – Phone
           dan@dangoldmanlaw.com
           *Counsel for Mr. Hightower*