# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | Case No.: SAG 23-186 |
| ) | |
| MATTHEW HIGHTOWER,        ) | |
| ) | |
| Defendant.            ) | |

## MOTION FOR COMPETENCY EVALUATION

Matthew Hightower, by undersigned counsel, respectfully moves this Honorable Court to order a psychological evaluation of his competency to stand trial pursuant to 18 U.S.C. § 4241 and his rights under the Fifth and Sixth Amendments to the U.S. Constitution. Counsel asserts the following in support of this Motion:

1.   Mr. Hightower faces prosecution for five felonies charging his involvement in a conspiracy to murder a federal witness. He faces mandatory life imprisonment if convicted.[1]

2.   Mr. Hightower has remained incarcerated since his arrest on separate charges in 2016 and is not scheduled for release on a prior conviction before 2045.

3.   Since his 2023 indictment on the current charges, Mr. Hightower's ability to assist counsel in his defense has been substantially compromised. The Court has held four attorney inquiry hearings and once placed undersigned counsel as standby counsel while Mr. Hightower elected to represent himself.  The relationship between counsel and Mr. Hightower has recently deteriorated such that Mr. Hightower is unable to assist in his defense.

---

[1] Mr. Hightower originally faced the possibility of a death sentence, but the Government has now twice advised it will not seek his death.

4.      Undersigned counsel has since observed thinking that is not based in reality that gives rise to reasonable cause to believe that Mr. Hightower may be suffering from a mental disease or defect that prevents him from assisting in his defense or meaningfully appreciating the nature and consequences of the proceedings.

5.      To undersigned counsel's knowledge, Mr. Hightower's mental health has not been previously evaluated during the course of these or any other proceedings.

Argument and Memorandum of Law

A defendant has a due process right not to be tried while incompetent. *Drope v. Missouri*, 420 U.S. 162, 171-72, (1975); *Pate v. Robinson*, 383 U.S. 375, 385 (1966). The test for mental competence is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial." *Drope*, 420 U.S., at 171.

A trial court must order a competency evaluation when "there is reasonable cause to believe the defendant may be suffering from a mental disease or defect" that renders "him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). In determining whether to order a competency evaluation, courts must "look at the record as a whole, 'including evidence of irrational behavior, the defendant's demeanor …, and medical opinions concerning the defendant's competence' and 'accept as true all evidence of possible incompetence.'"

*Universal Mortg. & Fin., Inc. v. Dep't of Fin. Insts.*, 2024 U.S. Dist. LEXIS 195074 (Dist. Md. 2024) (quoting *Mason*, 52 F.2d 1286, 1289).

Undersigned counsel has been best positioned to observe Mr. Hightower's mental status in their attempts to work with him to prepare for trial. An evaluation by a mental health expert is now required to determine whether Mr. Hightower is competent to stand trial.

WHEREFORE, Matthew Hightower, by undersigned counsel, respectfully moves this Honorable Court to order an evaluation of his competency to stand trial, and to set a hearing date to determine Mr. Hightower's competency once the evaluation results are available.

Respectfully submitted,

Matthew Hightower, *by counsel*

/s/
Daniel H. Goldman, Bar No. 2202010033
The Law Office of Daniel Goldman, PLLC
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 – Phone

Teresa Whalen, Bar No. 25245
The Law Office of Teresa Whalen
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
MD Bar # 25245
(301) 728-2905 (Phone)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2025, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

/s/
Daniel H. Goldman, Bar No. 2202010033