

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Kim Y. Hagan*<br>*Assistant United States Attorney*<br>Kim.Hagan@usdoj.gov | *Suite 400*<br>*36 S. Charles Street*<br>*Baltimore, MD 21201-3119* | *DIRECT: 410-209-4944*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0717* |

June 2, 2025

Honorable Stephanie A. Gallagher
United States District Judge
District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

Re:   *United States v. Matthew Hightower*, SAG-23-0186

Dear Judge Gallagher:

We write on behalf of the government in the above-referenced matter in response to Defendant Matthew Hightower's Motion for Competency Evaluation filed on June 2, 2025, ECF No. 111 (the "Motion"), two weeks before trial in this matter is set to commence.

For the reasons that follow, the Court should summarily deny the defendant's Motion without a hearing.

## **Background and Procedural History**

The indictment was returned on May 18, 2023, and the defendant had his initial appearance on July 10, 2023. After sealed documents were filed in August and September 2023 (ECF 17 & 18), an attorney inquiry hearing was held before Magistrate Judge Matthew J. Maddox on October 2, 2023. ECF 20. After another sealed document was filed on November 22, 2203 (ECF 24), a second attorney inquiry was held before Magistrate Judge Adam B. Abelson on December 21, 2023. ECF 26.

On June 3, 2024, the defendant filed a motion requesting that he be permitted to represent himself and asked that his trial counsel be discharged. ECF 31. Additionally, he requested that the court schedule a *Faretta*[1] inquiry. ECF No. 31. Both hearings were conducted on June 21, 2024. ECF No. 34.

At the *Faretta* hearing, Judge Abelson carefully explained to Hightower the importance of having legal counsel. ECF No. 63. After thoroughly questioning Hightower about his request, Judge Abelson issued an order granting Hightower's motion to represent himself. ECF No. 35. Judge Abelson further directed that Ms. Whalen and Mr. Goldman remain in the case as standby

---

[1] *Faretta v. California*, 422 U.S. 806 (1975) (defendant has constitutional right to self-representation if court determines that defendant is making a knowing, intelligent, and voluntary decision to proceed without counsel).

counsel despite Hightower making it clear that he did not wish to have standby counsel. *Id*. On July 1, 2024, defense counsel contacted chambers and requested a status conference given their new role as standby counsel.

On August 23, 2024, this Court held a status conference at which time the parties agreed that standby counsel will continue to review discovery materials with Hightower. The Court issued a new scheduling order with defense motions due on October 31, 2024, a motions hearing on April 3, 2025, and **trial beginning on June 16, 2025**. ECF No. 41.

On December 13, 2024, Magistrate Judge Erin Aslan conducted an arraignment at which time the defendant stated, "I would like to have Teresa Whalen removed from this case all together. It's not working. I have a real serious issue with her. I can't work with this person." (Arraignment Transcript at 9). The defendant further stated, "So I don't want her around me, I don't need her help. I don't want her to fake like she's participating and helping me at all." *Id*. at 10. After having the indictment read to him, Hightower twice told Judge Aslan that he did not understand the charges against him and that his mental state was not right. *Id*. at 6-7.

Later that afternoon, this Court held a discovery conference. Despite having just told Judge Aslan that he did not understand the charges against him and that his mental state was not right, Hightower proceeded to detail for this Court issues that he has with the evidence that was presented against him in his extortion murder case (MJG-15-322) and an alleged fabrication of evidence in the current case against him. *Id*. at 13-16. He articulately referred to a pattern of misconduct and falsification of evidence after having read transcripts from an earlier trial. *Id*. at 17. At the discovery conference, Hightower repeated that he did not want Ms. Whalen on the case and stated that he did not feel comfortable with her. *Id*. at 17. As a result, the Court referred the matter to Judge Abelson for a *fourth* attorney inquiry.

On January 10, 2025, Judge Abelson conducted the fourth attorney inquiry which resulted in both Ms. Whalen and Mr. Goldman back in the case as counsel for Hightower. Presumably they were back in the case *at the defendant's request*.

On April 3, 2025, a motions hearing was held that lasted into the afternoon. The defendant was present throughout the hearing and this Court was able to observe his demeanor, which was normal, and appropriate.

On May 20, less than two weeks prior to today's date, a pretrial conference was held in open court. The defendant was present for the hours long hearing, which also included substantive argument on numerous motions in limine. Again, this Court was able to observe his demeanor, which was normal, and appropriate.

On June 2, 2025, the defendant filed the instant Motion seeking an "evaluation of his competency to stand trial, and to set a hearing date to determine [the defendant's] competency once the evaluation results are available. Although they do not say as much, the defense is asking to continue the trial.[2] The defendant claims that a continuance is warranted because (1) "Since his 2023 indictment on the current charges, Mr. Hightower's ability to assist counsel in his defense

---

[2] The government has produced *Jencks* materials to defense counsel on a rolling basis since February of 2024, including most recently relating to cooperators on April 21, May 8, and May 30, 2025.

has been substantially compromised;" and (2) "[t]he relationship between counsel and Mr. Hightower has recently deteriorated such that Mr. Hightower is unable to assist in his defense" and "counsel has since observed thinking that is not based in reality that gives rise to reasonable cause to believe that Mr. Hightower may be suffering from a mental disease or defect that prevents him from assisting in his defense or meaningfully appreciating the nature and consequences of the proceedings." These contentions are baseless and meritless.

### **The Defendant Has Not Established That A Competency Evaluation Is Warranted**

As an initial matter, there is nothing to suggest that the defendant is incompetent. Nor has he come close to meeting his burden of establishing that a competency evaluation—and all of the attendant delay that it will entail—is warranted. Title 18, United States Code, Section 4241(a), provides:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, *if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent* to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (emphasis added).

For a district court to determine whether reasonable cause for a competency evaluation exists, it should look at all the record evidence pertaining to the defendant's competence and should consider such factors as 1) any history of irrational behavior, 2) the defendant's demeanor at court proceedings, and 3) prior medical opinions on competency. *Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000); United States v. Hemphill, 622 F. App'x 271, 272 (4th Cir. 2015); United States v. General*, 278 F.3d 389, 397 (4th Cir. 2002). However, there are no signs which invariably indicate the need for a competency evaluation. *Burket*, 208 F.3d at 192. While defense counsel's expressed doubts about the defendant's competency is a factor to be consider, courts should not accept a lawyer's representations concerning the competency of his client without questioning. *Drope v. Missouri*, 420 U.S. 162, 177 n.13 (1975). Further, even the mere presence of mental illness is not equal to incompetency, and not every manifestation of mental illness demonstrates incompetence to stand trial. *Andrews*, 2022 U.S. App. LEXIS 12898, at *2. Competency turns on "whether the defendant has sufficient present *ability* to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. McKoy*, 770 F. App'x 60, 62 (4th Cir. 2019) (emphasis added) (quoting *United States v. Bernard*, 708 F.3d 583, 593 (4th Cir. 2013)). To be clear, here, the defense does not even assert a mental illness.

In determining whether there is reasonable cause, "a trial court must consider all evidence before it, including evidence of irrational behavior, the defendant's demeanor . . . and medical

3

opinions concerning the defendant's competence." *United States v. Mason*, 52 F.3d 1286, 1289-90 (4th Cir. 1995); *accord United States v. Bernard*, 708 F.3d 583, 592-93 (4th Cir. 2013) ("Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at [court proceedings], and medical opinions concerning the defendant's competence.) (internal quotation marks omitted).

There is no such reasonable cause here. The defense merely asserts that:

> Since his 2023 indictment on the current charges, Mr. Hightower's ability to assist counsel in his defense has been substantially compromised. The Court has held four attorney inquiry hearings and once placed undersigned counsel as standby counsel while Mr. Hightower elected to represent himself. The relationship between counsel and Mr. Hightower has recently deteriorated such that Mr. Hightower is unable to assist in his defense.
>
> Undersigned counsel has since observed thinking that is not based in reality that gives rise to reasonable cause to believe that Mr. Hightower may be suffering from a mental disease or defect that prevents him from assisting in his defense or meaningfully appreciating the nature and consequences of the proceedings.

Motion at 1-2.[3] These allegations are plainly insufficient to warrant a competency evaluation. The defendant does not assert that he suffers from any sort of mental illness, now, or at any time in his past, that impacts his ability to communicate with counsel. And even if he did, "the presence of some degree of mental illness is not to be equated with incompetence." *Bernard*, 708 F.3d at 593. "[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000). But no such claims are made here either.

"The well-established test for competence is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Torrez*, 869 F.3d 291, 322 (4th Cir. 2017) (quotation marks omitted) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The defendant does not explain how he lacks either of these capacities.

A court does not err in denying a competency evaluation if a defendant shows lucidity, even if the defendant has an extensive record of mental illness. *United States v. Rickert*, 685 F.3d 760, 767 (8th Cir. 2012). In *Rickert*, the defendant had a long history of schizophrenia, bipolar disorder, and major depression, as well as other illnesses. *Id.* at 763. A month before sentencing, the defendant in *Rickert* was admitted to a hospital after reporting auditory hallucinations and exhibiting signs of severe paranoia, was released after being stabilized and diagnosed with schizoaffective disorder, and then was admitted to the hospital again two days prior to sentencing, at which point he was diagnosed with severe schizophrenia. *Id.* at 763. Defense counsel reported

---

[3] It is unclear from the Motion, among other things, how many times counsel has met with the defendant, how long their discussions have been, the precise nature of the defendant's behavior during these encounters, and whether the defendant's behavior has at any way changed over the length of their relationship. As the Motion implicitly acknowledges, the defendant has no history of mental illness.

that the defendant in *Rickert* was confused, suffered from memory lapses, and had "significant difficultly tracking what was going on." *Id.* Defense counsel argued that the defendant's shock therapy and recent hospitalization justified a competency determination, but at that time the defendant had declined to release his medical records to the court, and so the court only had information on the defendant's mental health from a presentence report from eight years earlier. *Id.* The trial court denied the request for a competency evaluation, concluding that there was no reasonable cause, because the court had doubts about the defendant's credibility as the defendant had previously submitted false records to the court, because the court was unwilling to rely on dated medical records to justify a competency evaluation, because the court reasoned mental illness does not necessarily render a defendant incompetent, because the defendant was "remarkably lucid and intelligent" during the sentencing hearing, and because the neither the court nor defense counsel could determine if the defendant was malingering. *Id.* at 763-64. The Eighth Circuit held that the trial court did not err in denying a competency evaluation, as the evidence in support of the motion was not strong enough to overcome the trial court's reservations about the defendant's credibility and the court's observations that the defendant was lucid and intelligent during the sentencing proceedings. *Id.* at 767. *See also United States v. Clark*, 114 F. App'x 239, 245 (7th Cir. 2004) (holding that the defendant did not demonstrate a reasonable cause for a competency hearing because the defendant demonstrated through his conduct that he could understand proceedings and could assist his attorney, even though he had an extensive history of mental illness).

Here, the Court should not order a competency evaluation, among other reasons, because the defendant showed lucidity during the motions hearing and at the pretrial conference just weeks prior to the filing of the Motion. There is zero history or evidence of irrational behavior, and the defense has presented no evidence, either in the form of reports, medical opinions, prior evaluations, or social history, to indicate a current mental illness or a history of mental illness. Like the defendant in *Rickert* who showed that he understood proceedings, the defendant here showed he understood proceedings by his conduct and demeanor during recent hearings. Just as the court in *Rickert* did not err in denying a competency evaluation because the defendant was lucid during a sentencing hearing, here the court should deny a competency evaluation because the defendant has displayed an understanding of the proceedings for many months.

What's more, this litigation has been pending for nearly two years. The defendant had his initial appearance in this matter on July 10, 2023. He has requested numerous attorney inquiry hearings, was determined competent to represent himself following a *Faretta* hearing, and decided to re-hire learned counsel for trial. The defendant is now represented by two highly skilled attorneys who have represented him for nearly two years. At no time did counsel alert the Court that they had concerns about the defendant's competency, including during the *Faretta* hearing and presumably at the *four* attorney inquiry hearings. Nor, apart from the Motion, did counsel ever voice any concern about the defendant's competence previously. Likewise, the defendant has now had multiple hearings (including substantial motions hearings) in front of multiple judges—District and Magistrate Judges—and at no time has there been any indication based on his demeanor and behavior in court that he was not competent to proceed. Moreover, the defendant was tried in federal court in 2017 before the Honorable Marvin J. Garbis. Following a one week trial, the defendant was convicted, and later sentenced by Judge Garbis. Nothing in those proceedings, observed by Judge Garbis, litigated on appeal, and reviewed by defense counsel in this case, gave any indication of mental health concerns or any issues relating to competence. In

fact, the Presentence Report specifically notes that the defendant has *no history of mental health problems*. ECF 341, at 29-30. All of this is worthy of the Court's consideration in assessing whether the requisite reasonable cause exists. *Cf. United States v. Moussaoui*, 591 F.3d 263, 294 (4th Cir. 2010) (noting trial court's interactions and experience with defendant in connection with proceedings was "compelling" factor supporting conclusion that defendant was competent).

Simply put, there is nothing before the Court to demonstrate that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," 18 U.S.C. 4241(a). Accordingly, the defendant's request for a continuance so that his competency can be evaluated, should be denied.

Respectfully,

Kelly O. Hayes
United States Attorney

By: _____/S/_____
    Kim Y. Hagan
    Paul E. Budlow
    Assistant United States Attorneys