IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Case No. SAG-23-00186 |
| MATTHEW HIGHTOWER, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Defendant Matthew Hightower is scheduled for a jury trial on June 17, 2025, facing charges including witness retaliation murder, witness tampering murder, and murder for hire. On June 2, 2025, defense counsel filed a motion to determine competency (the "competency motion"), ECF 111, expressing concern about Mr. Hightower's competency to stand trial. The government filed a detailed opposition on that same date, ECF 112, providing a chronology of the case and the reasons it believed Mr. Hightower to be fully competent.

Late in the evening on the next day, June 3, 2025, the government advised chambers that Mr. Hightower wished to accept a guilty plea and that defense counsel intended to withdraw the competency motion. Defense counsel filed a motion to withdraw the competency motion on the morning of June 4, 2025, ECF 116, along with a sealed exhibit providing some detail regarding the attorney-client discussions leading to the motion, ECF 118.[1]

This Court convened a hearing on June 4, 2025 to discuss the competency issue and to begin considering whether Mr. Hightower wished to plead guilty. It engaged in an extensive

---

[1] The motion to seal the exhibit, ECF 117, will be GRANTED.

1

colloquy with Mr. Hightower regarding his understanding of the court proceedings and present state of mind. This Court did not accept the guilty plea on June 4. On June 5, 2025, this Court convened a second hearing, at which Mr. Hightower rejected the guilty plea offered by the government.

For the reasons stated below, this Court will GRANT defense counsel's motion to withdraw the competency motion, ECF 116, and will terminate the competency motion on the docket.

**I.    BACKGROUND**

Mr. Hightower's initial appearance in this case occurred on July 10, 2023, and his present counsel (Teresa Whalen, Esq. and Daniel Goldman, Esq.) were appointed to represent him at that time. On several occasions over the next year, Mr. Hightower requested an attorney inquiry hearing before a magistrate judge. On the first two occasions, he maintained his relationship with his counsel after the hearing, but on June 3, 2024, Mr. Hightower filed a motion to discharge his attorneys and represent himself. ECF 31.

United States Magistrate Judge Adam B. Abelson conducted a *Faretta* hearing to inquire whether Mr. Hightower was competent to represent himself and was making a knowing, intelligent, and voluntary decision to proceed without counsel. After a lengthy colloquy including substantive questioning, Judge Abelson issued an order granting Mr. Hightower's motion to represent himself and ordering that his existing counsel remain in the case as standby counsel. ECF 35. This Court issued a new scheduling order setting hearing and trial dates. ECF 41.

On December 13, 2024, United States Magistrate Judge Erin Aslan conducted an arraignment at which Mr. Hightower asked to have Ms. Whalen removed as standby counsel. He

told Judge Aslan that he did not understand the charges against him and that his mental state was not right.

Later that same afternoon, this Court conducted a discovery conference at which Mr. Hightower cogently explained the issues he perceived with the evidence production in his earlier murder and extortion case (Crim. No. MJG-15-322) and his belief that evidence was also being fabricated in this case. He described transcripts he had read from his earlier trial. He again asked that Ms. Whalen be removed as standby counsel, and this Court ordered another attorney inquiry hearing. ECF 62.

On January 10, 2025, Judge Abelson conducted the attorney inquiry hearing. Instead of removing standby counsel, at the conclusion of the hearing, Judge Abelson reinstated both as trial counsel for Mr. Hightower. Mr. Hightower did not object to the reinstatement.

This Court held a motions hearing on April 3, 2025 and a pretrial conference on May 20, 2025. At both proceedings, Mr. Hightower appeared to have an appropriate demeanor and an ability to confer with counsel as needed.

On June 2, 2025, counsel filed the competency motion, which alleged without further detail that "Mr. Hightower's ability to assist counsel in his defense has been substantially compromised" and "[t]he relationship between counsel and Mr. Hightower has recently deteriorated such that Mr. Hightower is unable to assist in his defense." ECF 116.

The sealed attachment to the motion to withdraw the competency motion describes in detail a conversation between counsel and Mr. Hightower on June 2, 2025. ECF 118. But Mr. Hightower called his counsel early the next morning, sounding far more rational and explaining his thoughts regarding the disposition of the case. Counsel then met with Mr. Hightower that afternoon to

discuss a plea offer, before informing the Court that he wished to accept the plea bargain later that evening.

## II.  LEGAL STANDARDS

A court must order a competency hearing:

> [I]f there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (2012). The existence of reasonable cause "is a question left to the sound discretion of the district court." *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (internal quotation marks omitted). In evaluating reasonable cause, the court may consider "evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id.* at 592–93 (internal quotation marks omitted). Not every mental impairment equates to "legal incompetence." *Id.* at 593. Instead, the question is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted).

## III.  ANALYSIS

This Court, and Judge Abelson, have had years' worth of interactions with Mr. Hightower in the courtroom before the fast-moving events of last week. Neither judge ever raised any issue with Mr. Hightower's competence. In fact, Judge Abelson deemed Mr. Hightower capable of representing himself at trial, following an exhaustive inquiry. Although Mr. Hightower frequently expressed frustration with his counsel or with what he perceived to be discovery deficiencies, his demeanor remained appropriate and he explained his positions in a logical and rational way.

4

The circumstances surrounding Mr. Hightower's interaction with his counsel on June 2, 2025 were unusual. In April and May of this year, the government informed the defense and the Court that it was "reconsidering" its decision not to seek the death penalty in Mr. Hightower's case. That highly unorthodox scenario obviously placed Mr. Hightower under great strain, and both Mr. Hightower and his counsel represented in court that the government refused to engage in plea discussions while its "reconsideration" was underway. The government finally informed Mr. Hightower in late May that it would adhere to its original decision not to seek the death penalty, and the parties began plea discussions anew. Ultimately, Mr. Hightower's attorneys brought him a plea offer at 2 PM on June 2. The plea offer contained a 5 PM deadline that same day. Mr. Hightower was asked to make a momentous decision to plead to extremely serious criminal charges under a very tight timetable, and reacted in a way that caused his attorneys' concern about his competency to stand trial.

Nevertheless, the following morning, Mr. Hightower reached out to his attorneys in a rational frame of mind. They arranged for a meeting and met in person with Mr. Hightower to discuss the plea. By the end of that meeting, their concerns had been assuaged and they informed the Court of his desire to plead guilty.

On this extensive and detailed record, this Court does not find a competency hearing to be warranted. The only "evidence of irrational behavior" before this Court relates to the conversation between Mr. Hightower and his attorneys on a single afternoon in a position of extreme stress (following closely on weeks of intense stress over whether the government would seek the death penalty). While this Court understands the reasons why counsel would have quickly filed the competency motion in light of the fast-approaching trial date, it does not to appear to have been

5

premised on any extended pattern of irrational conduct. There are no medical opinions or other record suggesting any kind of mental disease or defect.

Finally, and most importantly, this Court's hearings on June 4 and 5, 2025, provided conclusive evidence that Mr. Hightower understands the proceedings against him and has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding. Mr. Hightower answered all of this Court's questions appropriately, could provide accurate information about the case and the trial process, and could express his concerns about the upcoming trial in a cogent manner. In ultimately deciding not to plead guilty, Mr. Hightower spoke rationally about the discovery in this case as compared to the discovery in his prior federal case, suggesting an ability to read and process the material. At the conclusion of the hearings, this Court was left with no question regarding Mr. Hightower's competency to stand trial.

It is true that, as a result of his grievances relating to discovery, as of the end of the court proceedings Mr. Hightower was once again expressing unwillingness to consult with his attorneys about his defense. But refusing to consult with his lawyers is different from lacking the sufficient present ability to consult. As a result, this Court will GRANT Defendant's motion to withdraw the competency motion, ECF 116 and his motion to seal, ECF 117. The competency motion, ECF 111, should be WITHDRAWN. Because the plea bargain has been rejected, the case will proceed to jury selection on June 17, 2025.

Dated: June 10, 2025                    /s/
                                        Stephanie A. Gallagher
                                        United States District Judge